[L. A. No. 3990. Department One.—June 14, 1917.]

## A. J. NOLEN, Respondent, v. F. O. ENGSTRUM COMPANY, Appellant.

NEGLIGENCE—DEFECTIVELY CONSTRUCTED SCAFFOLD—INJURY TO CARPENTER—RES IPSA LOQUITUR.—In an action for damages for injuries received by plaintiff while employed by defendant as a carpenter in a building which the latter was erecting, from the giving away of the scaffold upon which plaintiff was put to work, the doctrine of *res ipsa loquitur* is applicable, since scaffolds built for such purpose do not usually break or fall with the weight of the workmen thereon, if properly constructed.

ID.—PROOF OF ONE OF ALLEGED ACTS OF NEGLIGENCE—RIGHT TO VERDICT—INSTRUCTION.—An instruction stating that if the jury believed that either one of the alleged acts of negligence were proven, they should return a verdict for the plaintiff, if they found that such negligence was the proximate cause of the accident and that plaintiff's negligence did not contribute thereto, is not misleading or confusing.

ID.—NEGLIGENCE OF EMPLOYEES — LIABILITY OF DEFENDANT — INSTRUCTION.—An instruction stating that the negligence of any employee of a corporation while acting in the ordinary scope of his duties is deemed in law to be the negligence of the corporation itself, and that if the jury should find that the plaintiff was injured by any negligent act or omission of any employee in the manner complained of, while such employee was engaged in the scope of his duties, the

plaintiff would be entitled to a verdict unless his own negligence contributed to the injury, is not subject to the criticism that it authorized the jury to find for the plaintiff, if they believed that any employee had been negligent in some particular unconnected with the injury or with the allegations of negligence in the complaint.

Id.—Evidence—Verdict not Excessive.—Upon an appeal from a judgment and order denying a new trial in an action for injuries caused by negligence, the appellate court will not disturb the verdict, upon the ground that it is excessive, where the evidence shows a serious injury and very severe and prolonged suffering and pain ensuing therefrom.

Id.—Excessive Damages—Review on Appeal.—In an action for injuries caused by negligence, the question of excessive damages is one which is first addressed to the trial court, and the appellate court interferes only when the damages are so exorbitant as to suggest at first blush passion or prejudice or corruption on the part of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Ben Goodrich, for Appellant.

Crouch & Crouch, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying its motion for new trial.

The plaintiff recovered judgment for damages alleged to have been caused by the defendant's negligence. The complaint alleges that the plaintiff was employed by defendant to work as a carpenter in a building which the defendant was erecting, and was put to work upon a scaffold constructed in the building as a place upon which the workmen were to stand when at work on the building; that while plaintiff was so engaged the scaffold gave way, in consequence whereof he fell and received the injuries complained of. It is alleged that the defendant carelessly allowed the boards of the scaffold to become misplaced, so that they would not support the plaintiff's weight; that because of defendant's neglect the braces supporting the scaffold were not sufficiently nailed and were not of sufficient strength, in consequence whereof they would not sustain the weight of the men put to work thereon, and

that the defendant had negligently failed to provide sufficient light to enable the plaintiff to see whether or not the boards of the scaffold were properly laid or supported, and that all of said acts of negligence caused plaintiff's injury.

The defendant claims that there was no evidence of its negligence in the particulars charged in the complaint. This claim without foundation. It was the duty of the defendant to make the scaffold strong enough to sustain the weight of the workmen who were required to go upon it. Reasonable care required this. Under the law in force when the accident happened the plaintiff did not assume the risk arising from the dangers of the place in which he was at work. (Stats. 1911, p. 796.) Scaffolds built for such purposes do not usually break or fall with the weight of the workmen, if properly constructed. The fact that while the plaintiff was at work upon the scaffold it fell and precipitated him to the ground was of itself sufficient evidence that the scaffold was defectively constructed. The plaintiff testified that he felt the supports giving away at the time of falling. From this there would be a reasonable inference that the supports were insufficient, either because they were too weak to sustain the weight or because they were not sufficiently nailed. The doctrine of *res ipsa loquitur* applies. (*Penson* v. *Island etc. Co.,* 73 Wash. 338, [L. R. A. 1915F, 15, 132 Pac. 39]; *O'Connor* v. *Mennie,* 169 Cal. 217, [146 Pac. 674].)

There is no merit in the objections made to the rulings in giving or refusing instructions. Instruction No. 7, asked by defendant and refused, was erroneous, because it declared that the plaintiff assumed the ordinary risk incident to the service in which he was engaged. As we have said, the doctrine that the workman assumes the risk of the dangers incident to his service and place of work was not at that time in force.

It is claimed that instruction No. 12 given by the court was unintelligible and confusing. In effect it stated that if the jury believed that either one of the alleged acts of negligence were proven, they should return a verdict for the plaintiff, if they found that such negligence was the proximate cause of the accident and that plaintiff's negligence did not contribute thereto. We see nothing in this which would tend to mislead or confuse the jury.

Instruction No. 13 stated that the negligence of any employee of a corporation while acting in the ordinary scope of his duties is deemed in law to be the negligence of the corporation itself, and that if the jury should find that the plaintiff was injured by any negligent act or omission of any employee in the manner complained of, while such employee was engaged in the scope of his duties, the plaintiff would be entitled to a verdict unless his own negligence contributed to the injury. It is not true that there was nothing in the evidence to warrant this instruction. There was a claim that the plaintiff himself had constructed the scaffold in question. His own testimony was that he had not done so and had no knowledge on the subject. It was the duty of the defendant to provide the scaffold in question. Being a corporation, it could act only by agents and servants. The instruction properly directed the jury that the negligence of such servants in constructing an insufficient scaffold was in law the negligence of the defendant. The criticism that the instruction authorized the jury to find for the plaintiff if they believed that any employee had been negligent in some particular unconnected with the injury or with the allegations of negligence in the complaint is unwarranted. The instruction itself limited its application to the acts of negligence ''in the manner complained of''; that is, in the manner set forth in the complaint.

The question of excessive damages is one which is first addressed to the trial court. The evidence shows a serious injury, and very severe and prolonged suffering and pain ensuing therefrom. Under these circumstances it is not for this court to interfere with the verdict, even if we supposed that the lower court might perhaps have reduced it in furtherance of justice. This court interfers only when the damages are so exorbitant ''as to suggest, at first blush, passion or prejudice or corruption on the part of the jury.'' (*Hale* v. *San Bernardino etc. Co.*, 156 Cal. 715, [106 Pac. 83].)

The judgment and order are affirmed.

Victor E. Shaw, J., *pro tem.*, and Sloss, J., concurred.