[Civ. No. 8110. First Appellate District, Division Two.—March 15, 1932.]

ANSELMO AZZARO, Appellant, v. ROY O'CONNELL, Respondent.

Chauncey Tramutolo for Appellant.

Ernest I. Spiegl for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for the death of his minor son, a child nine years of age. The jury returned a verdict for defendant and plaintiff appeals on typewritten transcripts.

The child was standing at the curb in front of plaintiff's automobile which was parked at the easterly curb of Bay-shore Boulevard, about 160 feet south of Thornton Avenue. Defendant was operating a Chevrolet sedan southerly along the boulevard and when he reached a point about 160 feet north of the parked car, his machine veered to the east and to the left until it struck the sidewalk on the easterly side of the boulevard and then traveled, with two wheels on the sidewalk, a distance of sixty feet, striking the child

at the curb, and then crashing into the parked car. Plaintiff based his charge of negligence on the excessive speed of defendant which was shown by eye-witnesses and by the fact that the force of the blow upon plaintiff's car drove it backward about forty feet from the point of collision. Negligence is also laid to defendant because of his failure to use his brake or to take any other measure to avoid the collision. On the part of the defendant the only explanation of the accident is that his car "shimmied" while he was traveling near the center of the boulevard, suddenly veered to the left and that he "must have reached for the brake and stepped on the accelerator instead".

The admitted facts are that the collision occurred at about 9:30 A. M. of January 1, 1930; that it was a clear day with no rain or fog; that the boulevard, which is 100 feet wide, was dry and singularly free from traffic within the block where the collision occurred; that the district was "residential", and that defendant was traveling in excess of the statutory speed limit. From defendant's testimony it appears that his car had frequently given him the same trouble; that when the wheels "shimmied" he jerked the steering-wheel violently in an endeavor to straighten the wheels; that his car continued to the left at an increased speed as he must have stepped on the accelerator instead of the brake; that after the left wheels mounted the sidewalk he continued in that position for a distance of sixty feet along the curb without the use of a brake at any stage.

The right front wheel, fender and headlight of defendant's car were smashed; the right front fender, bumper and headlight of plaintiff's car were smashed. The plaintiff's car was parked adjoining the curb. Plaintiff had raised the hood on his car on the side next to the curb and had his head thus covered while defendant approached. When the collision occurred, the defendant's car was still traveling partly on the sidewalk, and the child was struck while standing very close to the curb and in front of his father's car. The position of the two cars immediately after the collision gave unmistakable evidence of defendant's admitted negligence in the operation of his car, both as to the excessive speed and as to the failure to use his brake. On this issue of negligence the uncontradicted evidence is so clear and

convincing that it is impossible to account for the verdict upon any theory other than that the jury was confused by the instructions which are here complained of.

The issue of contributory negligence was not raised until the close of the trial when defendant asked and obtained leave to file an amendment to his answer covering that plea. The amendment should not have been allowed because it was not asked for or granted to conform to proof —there being no proof to which it might conform, and further, having been presented after the evidence was closed and no proof having been tendered to support it, the request served no purpose except to confuse the jury in a case which, without this element, was as plain and simple a case of gross negligence on the part of defendant as could be presented to any jury.

The error was emphasized by instructions given at the request of respondent covering the issue of contributory negligence. This subject was referred to repeatedly in the instructions given upon respondent's request. Thus the jury was instructed, that "it was the duty of the plaintiff . . . to keep the child from placing himself unnecessarily in a position of danger in which it might be anticipated that the injury could occur". And again that "it was the duty of a person upon the public highway to look about and see approaching vehicles in his line of vision and, in case of an accident, he will be conclusively presumed to have seen what, in the exercise of ordinary care, he could and should have seen in the proper performance of such duty".

The instruction is an incorrect statement of the duty of a parent toward his child. We know of no law that requires a parent to keep his child off the public streets or away from any other "position of danger" when such child is nine years of age and in possession of all his faculties. We know of no law which requires a parent to keep such a child away from any position of danger "in which *it might be anticipated* that injury *could* occur". To so hold would be to require the parent to exercise extreme care to the extent that he must first be *assured* that danger could not possibly be anticipated. In this respect the degree of care put on the parent is that of an ordinary prudent person acting under similar circumstances, and his duty, like that of an adult crossing a street, is to be fixed only upon a

consideration of all the circumstances of place, time and physical conditions at the time of the accident. In this respect we said in *Kinnear* v. *Martinelli*, 84 Cal. App. 721, 727 [258 Pac. 686, 689], "In determining whether a pedestrian used such due care as is commensurate with apparent present dangers the jury should consider the location involved, the existing state of the traffic, the opportunity for obtaining a clear view of the street from every direction whence approaching vehicles might endanger an attempt to cross the street; the presence of obstructions to the view such as buildings, passing cars, driving storms, clouds of dust, or darkness, and from these and all other facts and circumstances present, determine whether the particular pedestrian used that degree of care which would be required of an ordinarily prudent person under like circumstances".

But the last portion of the quoted instruction is equally objectionable. As applied to the facts of this case the instruction placed a burden upon the appellant and his child far beyond that required by accepted rules of care. It told the jury that it was the duty of a person standing at the easterly curb of a public street 100 feet wide to be constantly on the alert for vehicles approaching *from the north* whereas the accepted rule is that a person in such position may "rely upon the expectation that automobiles will conform to the customary rules of traffic and travel only upon the proper side of a street". (*Rignell* v. *Font*, 90 Cal. App. 730, 734 [266 Pac. 588, 590], citing *Harris* v. *Johnson*, 174 Cal. 55 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155], *Averdieck* v. *Barris*, 63 Cal. App. 495 [218 Pac. 786], and *Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396].) But the jury was also told that such a person "will be *conclusively* presumed to have seen what . . . he *could* have seen in the proper performance of *such* duty"; i. e., the duty to look in all directions as above defined. We know of no such *conclusive* presumption. To the contrary there is a well-settled presumption that a person takes ordinary care of his own concerns and, applying that presumption to the case at hand, we have the conclusion of due care which dispels every inference of contributory negligence as there is not a word of testimony which might tend to dispute that presumption in any degree.

We conclude that the giving of this instruction was error because it was an incorrect statement of the legal duty of the appellant and of the deceased and because the issue of contributory negligence was not supported by any competent evidence and should not have been left to the jury. In this respect the case does not differ from *Kinnear* v. *Martinelli*, 84 Cal. App. 721, 726 [258 Pac. 686, 688], where it is said: "Instructions should be based upon evidence actually adduced or upon reasonable inference from the evidence disclosed by the record. (24 Cal. Jur., p. 830, sec. 95; *Risdon* v. *Yates*, 145 Cal. 210 [78 Pac. 641]; *Hirshberg* v. *Strauss*, 64 Cal. 272 [28 Pac. 235].) . . . We are of the opinion that the giving of this instruction under the facts of this particular case where there is a total absence of any evidence to show the conduct of the deceased during the period covered by the instruction is fatal error. The burden was on the defendant to show that the deceased failed to look easterly along Mission street before he crossed to the east of the center line; defendant failed to meet this requirement; there was no evidence in the record of the conduct of the deceased at that particular time; the presumption of law refutes this charge of negligence. The instruction is therefore not applicable to the facts and is erroneous."

The instruction on the issue of imminent peril should not have been given. The evidence, without conflict, discloses that respondent found himself in the position of danger wholly through his own fault—he knew his car was likely to "shimmy" but continued on his course at an unlawful rate of speed with his foot on the accelerator and, though he traveled along the sidewalk for a distance of sixty feet before striking the child, he did not sound his horn or give any signal of danger and did not apply the brake. To instruct the jury under these circumstances that the respondent might be excused if he failed "to take every precaution or to adopt every means of safety" is to inject a false issue in the case where the evidence demonstrates that he took no precautions whatever to avoid the collision—that, in fact, as the danger increased his negligence increased.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 14, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1932.