[Civ. No. 14903.   First Dist., Div. Two.   May 16, 1952.]

ROSE RODENBERGER, Respondent, v. MRS. T. H. FREDERICKSON, Appellant.

Charles A. Christin and Wallace W. Scales for Appellant.

Joseph A. Brown, and Fabian D. Brown for Respondent.

JONES, J. pro tem.—In this action the plaintiff secured a verdict for $20,000 on account of injuries sustained in falling into the lightwell of an apartment house. The appeal is from the judgment on the verdict.

There were three apartments, or flats, in the building, one above the other. Plaintiff rented and occupied the one on the second floor. She had lived in this apartment for about four years preceding the accident. The rear entrances of the upper apartments were reached by stairways. A lightwell was also a part of the structure and was located at the rear of the building with a concrete floor at the bottom. Landings and porches were provided on the upper floor for use. of the tenants. These landings were used by the tenants for drying clothes and as places where their children could play as well as passageways from one flight of stairs to another. Two steps led up from the landing to the rear entrance of plaintiff's apartment. The lower of these steps was about 10 inches wide and the upper approximately 6 inches in width. The distance from the outer wall of the apartment to the edge of the light-well measured 42 inches, with a clearance of approximately 26 inches between the lower step and the edge of the lightwell.

A low wall was built along the edge of the lightwell opposite the rear entrance to plaintiff's apartment. This wall was about 4 feet high and of tongue-and-grooved boards set upright making it solid. On the floor of the porch at the edge of and parallel to that side of the lightwell there was fastened a piece of timber in the top of which was a groove. The upright boards were set in this groove, and on the top was another timber or rail in which there was a groove into which the uprights were fitted at the top end. To replace the boards when removed as the witness Pederson testified, ". . . you spring the railing *slightly* when you put the boards back in." (Italics added.) Some of the witnesses testified that the top railing, or cap, was loose just prior to the accident, and they also testified that the boards and other timbers were old and rotten, and in this they are strongly corroborated by the photographs introduced in evidence.

When plaintiff moved into her apartment there was attached to the wall just outside the rear door an apple or orange crate which was used as a food cooler. On the morning of December 18, 1948, she went outside to this food box to secure some food for breakfast. While she was on the top step, the same being 6 inches in width, she tripped, or lost her balance, and fell striking the upright boards forming the lightwell wall. Eight of these boards slipped out of the grooves in which they were set precipitating her to the concrete floor of the lightwell. She sustained a fractured vertebra, broken ribs, and other injuries, and was hospitalized for several weeks.

There is no evidence that the defendant ever made an inspection of the lightwell wall, or was aware of its defective condition. Plaintiff had no knowledge of the nature of its construction, and no knowledge of its condition except that on the day previous to the accident in company of one of the witnesses, Mrs. Henshell, she noticed that the top rail, or cap, ''wiggled'' when touched.

The right to make common use of the stairways and landings by the different tenants (and the reservation of the right to make such use thereof as well as by herself) cast upon the defendant the duty to maintain these areas in a reasonably safe condition. (*Harris* v. *Joffe*, 28 Cal.2d 418 [170 P.2d 454] ; *Turner* v. *Lischner*, 52 Cal.App.2d 273 [126 P.2d 156].) Merely letting deteriorated premises remain without any effort on the part of the landlord to ascertain their true condition is not enough to discharge this duty. (*Spore* v. *Washington*, 96 Cal.App. 345 [274 P. 407].) It is not only the duty of the landlord to keep that portion of the premises reserved for common use in a safe condition, but this duty requires him ''to make a reasonably careful inspection at reasonable intervals to learn of dangers not apparent to the eye.'' (*Devens* v. *Goldberg*, 33 Cal.2d 173, 178 [199 P.2d 943].) As is said in *Spore* v. *Washington, supra*, p. 355, ''. . . if he (the landlord) chooses to let the property look after itself, trusting to good fortune to protect those who use the premises he must be prepared to accept the results when this good fortune abates or takes a turn for the worse.''

Appellant contends that the respondent was making a misuse of the premises at the time the accident occurred. The argument is made that the wall about the lightwell was not intended to protect against a person hurtling into it. The answer to this contention is that the wall was built to prevent

people from stumbling and falling into it and that it failed to function in this respect through deterioration. If nothing more than a warning were intended, as appellant contends, a placard would have sufficed. Respondent could not have developed any considerable momentum laterally in the space of 26 inches between the lower step and the wall. It must have been evident to the jury that the decayed boards slipped out of their grooves on account of not being properly secured when respondent struck them in falling and that it was this failure to hold which proximately caused her injuries. The jury was free to make this deduction, and, "as has so frequently been said, it is the general rule than on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge all intendments and reasonable inferences which favor sustaining the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof." (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P. 2d 557].)

There is. nothing in the factual situation of the case which in the light of the settled rules would warrant a reversal of the judgment.

Nor is there any greater merit in appellant's contention that the jury was improperly instructed to her prejudice. She challenges an instruction that: "It is the duty of the landlord to provide a safe means of entrance and exit both for the tenants and the latter's invitees" as stating in effect that the landlord is an insurer of the safety of persons upon the premises. Any such implication is completely negatived by the subsequent instruction given in the unmistakable language that, "The owner or landlord is not an insurer of persons on the premises, even when he has invited them to enter."

Two formula instructions are also challenged by appellant on the ground that they fail to embrace the facts that the defects in the lightwell wall were plainly visible and obvious to plaintiff, and that she acted at her own peril in relying upon it for safety when she put the wall to an unreasonable use by falling against it. It has been pointed out that plaintiff had no knowledge of the defects. She testified that she had no occasion to and never did go near the wall. She never observed it except in passing. Unless instructions find support in the evidence they should not be given, and where there are no supporting facts they may mislead the jury.

(*Risdon* v. *Yates,* 145 Cal. 210 [78 P. 641] ; *Collins* v. *Jones,* 131 Cal.App. 747 [22 P.2d 39] ; *Azzaro* v. *O'Connell,* 121 Cal. App. 617 [9 P.2d 345] ; *Kinnear* v. *Martinelli,* 84 Cal.App. 721 [258 P. 686].)   Appellant's contention that falling against the wall was misuse thereof by plaintiff borders on the fantastic.   The space between the lower step to the apartment and the lightwell wall was only 26 inches.   It is inconceivable that plaintiff developed any lateral momentum in such a space as respondent contends.   As there is no proof of knowledge of the defective condition of the lightwell wall by respondent, or misuse of it by her, there was no error in giving the challenged instructions.

Appellant charges that the damages awarded are excessive. This is one of the grounds urged for a new trial in the court below.   The trial judge decided the issue adversely to appellant.   ■ The remedy for excessive verdicts rests almost wholly in the discretion of the trial court.   (*Couch* v. *Pacific Gas & Elec. Co.,* 80 Cal.App.2d 857, 867 [183 P.2d 91] ; *Brown* v. *Boehm,* 78 Cal.App.2d 595 [178 P.2d 49].)   As is said in *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 255 [116 P. 513], ". . . it is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts, as to shock the sense of justice, and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that the judge is at liberty to interpose his judgment as against that of the jury."   ■ The plaintiff suffered multiple bruises and contusions, a crushed vertebra, and four broken ribs.   The testimony of her attending physician shows the injury to her spine to be permanent and reasonably certain to become progressively worse.   We are in accord with the trial court in that the amount of the awarded damages is not excessive.

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied June 14, 1952, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1952.   Schauer, J., was of the opinion that the petition should be granted.