[S. F. No. 20181.   In Bank.   Oct. 2, 1959.]

MARY R. BURKS, Appellant, v. BOISE BLACKMAN
et al., Respondents.

Vernon W. Humber and Thaddeus J. Kukula for Appellant.

Theodore Tamba for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for personal injuries, plaintiff appeals.

*Facts:* Defendants are owners and operators of an apartment house. Plaintiff rented one of the apartments, and in connection with the use thereof it was necessary for her to use a porch* and a stairway in the rear of her apartment immediately outside and opposite her back door.

On July 22, 1954, while plaintiff was walking along the porch it collapsed, and she was thrown to the ground and suffered personal injuries.

The porch upon which plaintiff was walking when it collapsed was used exclusively by plaintiff and her husband. However, it was contiguous to other parts of the apartment structure used in common by all the tenants in the building.

---

*This porch was referred to by the trial judge in his instructions to the jury as "Landing Number 2."

Such parts had the same basic support as the porch used exclusively by plaintiff.

A structural engineer examined the porch soon after the accident and discovered that there was a generalized rotted and decaying condition under it and that a supporting member of the collapsed porch also had supported a porch and some steps that led to apartments above the one occupied by plaintiff.

*Questions:* First. *Did the trial court err in instructing the jury regarding the landlord's duty to his tenant?*

*Yes.* The trial court's instructions on this subject may be summarized as follows:

1. You are first required to determine whether the portion of the stairway that collapsed was a common area or whether it was for the exclusive use of the plaintiff tenant.

a. The test is not whether it is supported by a beam which also supports a common area.

b. The distance between this area and any area of common use is immaterial.

c. The test is: Whether plaintiff had the right to exclusive possession of the landing, and whether she had the right to order other tenants or even a landlord off the landing. If the other tenants and the landlord have a right to control, the right to use the landing, it was a common passageway or common area. If they did not have such right, it was a private area for the exclusive use of the plaintiff.

d. If you find that the landing was not a common way but was within the exclusive control of the plaintiff, there is no duty on a landlord to inspect the premises to be rented with the object of locating latent or hidden defects, nor to repair patent or obvious defects.

e. Put another way, if you find from the evidence that the platform gave access and egress solely to the flat occupied by the plaintiff, and to no other portion of the building used or necessary or convenient for the use of other tenants, then if you so find, I instruct you that the defendants, as lessors, were not liable for any condition of the porch unless, at the time of the letting thereof the defendants actually knew . . . of the condition of the porch, and with such knowledge failed to inform or advise the plaintiff thereof.

f. The instructions just given apply only in the event that you find that the platform was in the exclusive control of the plaintiff. If it were in the exclusive control of

the plaintiff, and in the absence of contributory negligence ... no liability should be attached to the landlord unless he actually knew of the defective condition and failed to report it to the tenant.

2. Now to the subject of the law if you find that platform number 2 was a common area or passageway. Now these instructions apply only if you find that landing number 2 was a common area, under the control of the landlord and other tenants, or that the landlord and other tenants had a right to exercise control or use of landing number 2, and if landing number 2 was not exclusively leased to the plaintiff or under the control of the plaintiff. (The correct standards of liability in the "common passageway" situation were then stated.)

The foregoing instructions were erroneous in that they made plaintiff's exclusive use of the porch that collapsed the sole test of liability.

■ The general rule is that a lessor is not under a duty to maintain leased premises free from defective conditions that cause injuries to his tenants; the lessee takes the premises as he finds them and must protect himself against any dangerous conditions found thereon. (*Hassell* v. *Denning,* 84 Cal. App. 479, 481 [1] [258 P. 426].)

■ To this general rule there are these exceptions:

1. A lessor is liable for personal injuries to a lessee caused by defects in the premises known to the lessor and unknown to the lessee if the lessor through fraud or concealment allows the lessee to occupy the premises in ignorance of such risks. (*Daley* v. *Quick,* 99 Cal. 179, 182-183 [38 P. 859].)

■ 2. A lessor who leases a portion of his property and retains control of any other part which the lessee is entitled to use as appurtenant to the part leased to him is subject to liability to the lessee for bodily injury caused to the lessee by a dangerous condition on the portion of the property retained under the lessor's control, if the lessor by the exercise of reasonable care could have discovered the defective condition and could have made the property safe. (*Harris* v. *Joffe,* 28 Cal.2d 418, 423 [1] [170 P.2d 454]; *Yazzolino* v. *Jones,* 153 Cal. App.2d 626, 631 [1] [315 P.2d 107]; Rest., Torts, vol. 2 (1934), Negligence, § 360, p. 976.)

■ The evidence in the present case could have been found by the jury to fall within the second exception set forth above. The ultimate factual question that should have been submitted to the jury was whether defendants retained suffi-

cient control over the area where the injury occurred to place upon them the duty of using reasonable care to keep the property in repair.

■ Second. *Did the trial court err in giving an instruction on contributory negligence?*

*Yes.* Defendants pleaded contributory negligence in their answer as an affirmative defense, but no evidence to support a finding on this issue was introduced. It is error to give instructions on issues not involved even though such instructions are abstractly correct. (*Shippy* v. *Peninsula Rapid Transit Co.,* 197 Cal. 290, 296 [4] [240 P. 785].)

Plaintiff admitted that she had used the stairway adjacent to the porch intermittently for about a year, and evidence was introduced to show that the porch and its supports were visibly rotted, but on the issue of the visible or defective condition plaintiff's expert witness testified that although the rot was visible, it was only by bending over the porch and looking underneath that it could be seen. He also stated that one not an expert on rotten wood would not be able to observe the defective condition by ordinary use of the porch. No other evidence was introduced on this issue. Therefore, there was no evidence which would support a finding that plaintiff was contributively negligent in using the porch for the purpose for which it was intended.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., White, J., and Peek, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.