[Civ. No. 9719.   Third Dist.   June 20, 1960.]

DANIEL EUGENE GRIGSBY, a Minor., etc., et al., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation) et al., Respondents.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellants.

Richard H. Peterson, R. A. Raftery, Gilbert L. Harrick and Price & Morony for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a defense verdict in a personal injury action.

The material facts are undisputed.   The 6-year-old appellant suffered a severe head injury when he ran into the rear of

one of the service trucks of respondent Pacific Gas and Electric Company, which was parked perpendicularly to the curb on a residential street in Chico. The parked truck obstructed more than half of the street and there were no warning flags or barricades as required by former section 592.1 of the Vehicle Code. However, it was a dry, clear afternoon and there was no traffic at the site of the accident. The truck was clearly visible. The child was cruising along on his bicycle, looking toward his right, instead of ahead, when he ran into the right rear side of the parked truck.

Appellants assign as error the court's refusal to instruct the jury that the parking of the truck was, as a matter of law, a proximate cause of the child's injuries. ▉ As stated by Prosser on Torts, second edition, page 282, " 'proximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' " Under the facts of this case, the issue of proximate cause was properly submitted to the jury.

▉ The facts and the cause of the accident were equally well known to all the parties. Therefore, the court properly refused to instruct on the doctrine of res ipsa loquitur. (*Hendershott* v. *Macy's,* 158 Cal.App.2d 324, 326-327 [322 P.2d 596].)

Appellants concede that the instruction they requested to the effect that a statutory violation gives rise to a presumption of negligence was incorrect as it was not properly qualified. (*Alarid* v. *Vanier,* 50 Cal.2d 617 [327 P.2d 897].) ▉ However, they assign as error the court's refusal to give respondents' requested instruction on the same subject. Appellants cite no authority, and we have found none, to warrant a reversal of a judgment for refusal to give an instruction requested by the respondents.

▉ We find no error in the court's refusal to instruct the jury that "It is unlawful to drive or park a motor vehicle in a negligent manner." We do not believe a present-day jury could labor under the delusion that it could be lawful to negligently drive or park a motor vehicle.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 17, 1960. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.