[S. F. No. 20748.   In Bank.   Aug. 7, 1961.]

ANNA C. FAULK, Plaintiff and Appellant, v. WILETTA
SOBERANES, Defendant and Respondent.

Robert Allan Hansen for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Robert A. Seligson for Defendant and Respondent.

GIBSON, C. J.—Plaintiff brought this action for injuries sustained while riding in an automoible driven by her sister, who is the defendant in this action. Pursuant to a jury verdict judgment was entered for defendant, and on this appeal plaintiff contends that the court erred in instructing the jury.

Plaintiff's testimony may be summarized as follows: On

the morning of the date of the accident plaintiff telephoned defendant in Marin County, where both she and her sister were living, and proposed an automobile trip to arrange for the planting of trees on property owned by plaintiff and located near Reno, Nevada, and also to visit her son, who lived in Reno. Defendant had recently purchased a new automobile, and plaintiff proposed that defendant transport her to Reno and that they spend the night with her son or at a motel. She offered and agreed to pay the expenses of the trip, and defendant acquiesced in the proposal. During the course of the trip plaintiff on two occasions paid for gasoline. They arrived at the Nevada boundary at approximately 2 p. m. and stopped for lunch. Plaintiff purchased two drinks for defendant and paid for her lunch, and they gambled at a local establishment. About 8 p. m. plaintiff suggested going to a motel or continuing on to Reno, but defendant refused and insisted upon returning home, and they started back to Marin County. All driving was done by defendant, and plaintiff estimated defendant's speed at between 55 and 60 miles per hour. Plaintiff remembered nothing about the accident or any oncoming traffic just preceding it.

Defendant, called as a witness under section 2055 of the Code of Civil Procedure, gave much the same testimony as plaintiff concerning what occurred prior to the return trip. She also testified that after gambling she was tired and wanted to return home, that there was little traffic on the road and that the accident occurred at a point where the road curved to the left. She was proceeding at a speed of about 50 to 55 miles per hour, and as she approached the curve two cars headed towards her, with the second attempting to pass the first. The second car appeared to be in her lane, and its headlights gave her "trouble." She became frightened, pulled to the right to avoid the car, and ran into a tree on the side of the road.

An officer of the California Highway Patrol who investigated the accident testified that the road, which was mountainous and winding, contained two lanes, each 11 feet wide, with trees near the edge of the roadway, that skid marks of defendant's automobile extended 105 feet in a straight line, that the tree hit by defendant was $5\frac{1}{2}$ feet from the road and in a straight line with the road as it approached the curve, and that he did not see anything to indicate the presence of other cars at the time of the accident. Defendant told him, after he arrived at the scene of the accident, that as she was starting

to go around the curve two cars approached her and that she was blinded by the headlights of the first car and applied her brakes, but she did not say anything which would indicate that one of the cars had come into her lane and forced her off the road. The fact that the brakes had been applied and that the skid marks were straight, according to the officer, indicated that defendant had been blinded by the headlights, and there was no indication of swerving.

An insurance adjuster testified that five days after the accident he interviewed plaintiff at a hospital in the presence of her sister, who was occupying the same room; that plaintiff, although in pain, was able to respond intelligently and in detail to his questions; that on the basis of her answers he prepared a statement in his handwriting, and that after he read the statement to her she signed it. The statement is substantially in accord with defendant's testimony as to the accident. In addition, the statement recites that plaintiff did not pay anything for the ride and that the trip was a ''pleasure drive'' to Lake Tahoe. In rebuttal plaintiff testified that she was without glasses and unable to read at the time the statement was assertedly given, and she denied that she had made or signed any such statement or that she had ever seen the adjuster prior to the trial. Defendant testified that she and plaintiff had separate rooms in the hospital and that she had a broken knee which prevented her visiting plaintiff until a week after the accident.

Plaintiff does not claim that there was wilful misconduct or intoxication permitting her to recover as a guest.

The instructions given to the jury on the question whether plaintiff was a guest or a passenger sufficiently covered the subject of motivating influence in accordance with *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601], and the court did not err in refusing to give an instruction quoting the language of that case. The requested instruction was not more specific than the ones given but merely set forth in other words substantially the same matter.

The court also refused to give an instruction proposed by plaintiff on the doctrine of res ipsa loquitur. The instruction stated: ''From the happening of the accident involved in this cause as established by the evidence, an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference, either alone or with any other

evidence supporting it, preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that she did, in fact, exercise ordinary care and diligence or that the accident occurred without being proximately caused by any failure of duty on her part.''

The doctrine of res ipsa loquitur may be applicable where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone, and the defendant is probably the person who is responsible. As an aid in determining whether it is more probable than not that a defendant's negligence caused the accident, the courts have taken into consideration the likelihood of negligence on the part of some third person. (*Guerra* v. *Handlery Hotels, Inc.*, 53 Cal.2d 266, 271 [347 P.2d 674].) The application of the doctrine in the present case depended upon a determination of factual issues and was not compelled as a matter of law. There was evidence that another car was in defendant's lane, and the jury could find that there was no greater probability that the accident was due to defendant's driving than that it was due to the conduct of the other driver. Even if we assume that the doctrine of res ipsa loquitur might be used in some cases to require an explanation from both drivers with respect to accidents involving two moving vehicles, defendant would be placed at a serious disadvantage were she required to exculpate herself in order to avoid liability when the other driver, who may have been equally or solely negligent, is not before the court. (*Cf. Phillips* v. *Noble,* 50 Cal.2d 163, 167 [323 P.2d 385].)

The instruction offered by plaintiff erroneously states that the inference of negligence arises as a matter of law. The defect was not cured by the fact that the instruction recognized that the inference may be rebutted by showing that defendant exercised ordinary care or that the accident occurred without being proximately caused by any failure of duty on her part. To avoid the application of the doctrine of res ipsa loquitur defendant was not required to show that the accident was not caused by negligence on her part; the doctrine, as we have seen, was not applicable if the jury found that there was no greater probability that the accident was due to her driving than to the conduct of another driver. A trial judge is not required to correct re-

quested instructions which are incomplete or erroneous (*Tossman* v. *Newman,* 37 Cal.2d 522, 525 [233 P.2d 1]; see *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 158 [323 P.2d 391]), and the refusal of the instruction did not constitute error.

Other claims of error relate to instructions given by the court, but the record does not show who requested these instructions. ▮ Plaintiff, as appellant, has the burden to present a record sufficiently complete to establish that the claimed errors were not invited by her, and in the absence of such a showing she may not properly complain. (*Phillips* v. *Noble,* 50 Cal.2d 163, 168-169 [323 P.2d 385]; *Lynch* v. *Birdwell,* 44 Cal.2d 839, 846-847 [285 P.2d 919].)

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.