[S. F. No. 20943.   In Bank.   Aug. 2, 1962.]

JOSEPH DI MARE et al., Plaintiffs and Respondents, v. ROSINA CRESCI, Defendant and Appellant.

Healy & Robinson, John J. Healy and Robert K. Barber for Defendant and Appellant.

Lewis & Stein and Marvin E. Lewis for Plaintiffs and Respondents.

GIBSON, C. J.—A jury returned a verdict of $100,000 in favor of June Di Mare (hereinafter referred to as plaintiff) and for $1,000 in favor of her husband, Joseph Di Mare. Defendant has appealed from the ensuing judgment.

The Di Mares occupied an apartment on the third floor of defendant's building. An outside wooden stairway used by them and other tenants led from the ground to the various floors of the building, and a garbage chute was located on a landing between the second and third floors. A step of the stairway gave way beneath plaintiff when she was descending from her apartment for the purpose of disposing of some garbage, and she fell through the resulting opening up to her waist, injuring her hip and leg. She extricated herself from the hole, crawled up the stairs to her apartment, and telephoned her husband, who returned home within five minutes. He found his wife lying on the floor in a highly emotional state, crying and moaning, and yelling that she was "falling down." That night she awoke repeatedly, saying that someone was on the roof and that the chandelier and ceiling were falling down. She had not suffered any such delusions prior to the accident. Thereafter she developed numerous symptoms of mental disorder and was hospitalized.

The stairway was installed in 1936 when the building was remodeled. At the time of the accident the contact between the treads and the risers was not tight, and water could thus gain access to the unpainted surface of the risers below the

level of the treads they supported. The nails were not properly placed to give maximum support, there was dry rot and discoloration of the wood from corrosion of the nails, and the wood on either side of each of the nails was in a decomposed condition. The stairs were "creaky," and the paint had worn off the treads so that the protection from painting was "very poor." There was expert testimony that proper painting prevents deterioration such as dry rot and rusting of nails.

The decomposition of the wood was not apparent from a visual inspection, but an expert observing the cracks between the tread and the riser would have suspected such a condition. The testimony was conflicting as to whether the cracks between the treads and the risers would constitute a danger signal to a layman.

It is settled that a lessor who leases a portion of his property and retains control of another part which the lessee is entitled to use, such as common walks or passages, is subject to liability to the lessee for personal injuries caused by a dangerous condition existing on the part of the premises under the lessor's control if, by the exercise of reasonable care, the lessor could have discovered the condition and made it safe. (*Burks* v. *Blackman*, 52 Cal.2d 715, 718 [344 P.2d 301]; *Harris* v. *Joffe*, 28 Cal.2d 418, 423 [170 P.2d 454]; cf. *Johnston* v. *De La Guerra Properties, Inc.*, 28 Cal.2d 394, 399 [170 P.2d 5]; see Rest., Torts, § 360.) The stairway on which plaintiff was injured clearly comes within this rule.

Defendant asserts that the trial court imposed a greater duty of care on her than is required by this basic rule when it gave the following instruction: "Ordinary care in relation to a common stairway includes not only keeping the premises safe but also requires reasonably careful inspections at reasonable intervals to learn of dangers not apparent to the eye." The quoted language, considered by itself, is too broad in that it might be understood as meaning that a lessor has an absolute duty to keep the property "safe," whereas the law requires only the exercise of reasonable care.[1]

---

[1]Language similar to that contained in the instruction appears in certain decisions of the appellate courts, but other language in the opinions shows that the duty is to exercise reasonable care, rather than an absolute obligation to make the premises safe. (*Yazzolino* v. *Jones*, 153 Cal.App.2d 626, 634, 637 [315 P.2d 107]; *Rodenberger* v. *Frederickson*, 111 Cal.App.2d 139, 141 [244 P.2d 107]; cf. *Devens* v. *Goldberg*, 33 Cal.2d 173, 178-179 [199 P.2d 943] [duty of employer to employee].) Instructions, of course, should not be drafted on the basis of language in opinions without giving due regard to the surrounding context.

Previous instructions, however, stated that defendant was not an insurer and was only required to use the care expected of an ordinarily prudent apartment house owner, and the instruction was immediately preceded by another which applied these principles to the facts of the case by stating in substance that if the stairway failed because of some latent defect which was not manifest to an ordinarily prudent person making an inspection and could not by the exercise of ordinary care have been discovered, there could be no liability. Use of the words "not only" in the instruction complained of, considered together with its position directly following instructions specifically limiting defendant's duty to that of ordinary care, show that the court had no intention of declaring that there was an absolute duty to make the premises safe, and there is no reasonable likelihood that the jury was misled.

Under the circumstances of this case it was proper to instruct that ordinary care required that defendant make reasonably careful inspections of the stairway at reasonable intervals to learn of dangers not apparent to the eye. It is undisputed that the stairway was old and exposed to the elements, that it lacked adequate protective paint, and that it was discolored in places and creaked. Obviously this condition called for some type of inspection for latent defects, and the instruction correctly permitted the jury to determine what type of inspection would have been reasonable.

The jury was instructed: "From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference. . . . In order to meet or balance the inference of negligence, the defendant must present evidence to show either (1) a satisfactory explanation of the accident, that is, a definite cause for the accident, in which there is no negligence on the part of the defendant, or (2) such care on the defendant's part as leads to the conclusion that the accident did not happen because of want of care by her, but was due to some other cause, although the exact cause may be unknown. . . ." (Cal.Jury Instns., Civ. (Pocket Supp. 1962) pp. 30-31, No. 206.)

The doctrine of res ipsa loquitur is applicable where the accident is of such a nature that it can be said, in the light

of past experience, that it probably was the result of negligence by someone and that the defendant is probably the one responsible. (*Faulk* v. *Soberanes,* 56 Cal.2d 466, 470 [14 Cal. Rptr. 545, 363 P.2d 593] ; *Guerra* v. *Handlery Hotels, Inc.,* 53 Cal.2d 266, 271 [1 Cal.Rptr. 330, 347 P.2d 674] ; *Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 446 [247 P.2d 344].)

On the basis of the existence of such probabilities, the doctrine has been applied where the defendant was responsible for construction, maintenance, or inspection of the defective premises which caused the injury. (*Rose* v. *Melody Lane,* 39 Cal.2d 481, 485-487 [247 P.2d 335] ; *Nolen* v. *F. O. Engstrum Co.,* 175 Cal. 464, 466 [166 P. 346] ; *Calame* v. *Stevens,* 110 Cal.App.2d 45, 48-49 [242 P.2d 109].)

The introduction of evidence of specific acts of negligence does not deprive the plaintiff of the benefit of the doctrine unless the facts as to the cause of the accident and the care exercised by the defendant are shown as a matter of law thus eliminating any justification for resort to the inference of negligence. (*Borenkraut* v. *Whitten,* 56 Cal.2d 538, 548 [15 Cal.Rptr. 635, 364 P.2d 467] ; *Leet* v. *Union Pac. R.R. Co.,* 25 Cal.2d 605, 620-622 [155 P.2d 42, 158 A.L.R. 1008] ; see Prosser on Torts (2d ed. 1955) 214.) The doctrine may be invoked whether or not the defendant was in a better position than the plaintiff to explain what occurred so long as it appears more probable than not that the injury resulted from the defendant's negligence. (*Seffert* v. *Los Angeles Transit Lines,* 56 Cal.2d 498, 501 [15 Cal.Rptr. 161, 364 P.2d 337] ; *Zentz* v. *Coca Cola Bottling Co., supra,* 39 Cal.2d 436, 445.) If the rules were otherwise, a plaintiff would be penalized for producing all of the evidence he has as to the cause of the accident, and in some cases the trier of fact might be denied evidence useful and relevant to the proper determination of the case. Language in *McKenzie* v. *Pacific Gas & Elec. Co.,* 200 Cal.App.2d 731, 735 [19 Cal.Rptr. 628], *Grigsby* v. *Pacific Gas & Elec. Co.,* 182 Cal.App.2d 64, 65 [5 Cal.Rptr. 616], *Hendershott* v. *Macy's,* 158 Cal.App.2d 324, 327-329 [322 P.2d 596], and *Billeter* v. *Rhodes & Jamieson, Ltd.,* 104 Cal.App.2d 137, 147 [231 P.2d 93], is disapproved insofar as it is inconsistent with the views expressed above.

[ Ordinarily steps which are part of a common stairway do not collapse when used by a tenant in a normal manner unless the landlord who has had the duty to maintain and inspect them was negligent. It is undisputed in the present case that the step collapsed and that plaintiff was using it in

a proper manner when she was injured. The testimony as to the condition of the step and the cause of its collapse did not necessarily exclude the use of inference in determining whether there was negligence and thus did not preclude resort to the doctrine.

The facts giving rise to the doctrine being undisputed, the jury was properly instructed that the inference of negligence arose as a matter of law. This, of course, does not mean that there was liability as a matter of law but only that defendant had the burden of meeting or balancing the inference (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 691 [268 P.2d 1041]), and the instruction given in the present case recognized that the inference could be balanced by defendant by showing that she did, in fact, exercise due care or that the accident was caused by factors which did not involve negligence on her part.

The court properly refused to instruct the jury on contributory negligence. Plaintiff, as a tenant, was entitled to use the stairs, and so far as appears she used them in a reasonable manner and was not aware of the defect that caused the collapse. She did not have a duty to inspect the common stairway for latent defects and had a right to rely upon defendant's duty to inspect. (Cf. *Devens* v. *Goldberg*, 33 Cal. 2d 173, 180 [199 P.2d 943].)    Although, as we have seen, the fact that the stairs were old, exposed to the elements, "creaky," and unpainted was sufficient to require an inspection by the landlord for latent defects, this circumstance would not warrant a conclusion that the stairs appeared to be in such a dangerous condition that a tenant in the exercise of due care would refrain from using them. (Cf. Rest., Torts, § 360, com. a, illus. 2.)

Defendant contends that plaintiff's mental disorder was not a foreseeable consequence of her fall and that the evidence is insufficient to support an award of damages on the theory that defendant's conduct caused such a disorder.    It is settled in this state that in an action based on negligence, at least where there is a physical impact, the plaintiff may recover compensation for disturbances of the nervous system caused by mental shock or fright and that such disturbances are to be classed as physical injuries. (*Dryden* v. *Continental Baking Co.*, 11 Cal.2d 33, 39-40 [77 P.2d 833]; *Lindley* v. *Knowlton*, 179 Cal. 298, 300-301 [176 P. 440]; *Easton* v. *United Trade School Contracting Co.*, 173 Cal. 199, 202-204 [159 P. 597, L.R.A. 1916A 394]; see *Taylor* v. *Pole*, 16 Cal.2d

668, 671 [107 P.2d 614]; cf. *Sloane* v. *Southern Cal. Ry. Co.*, 111 Cal. 668, 680 [44 P. 320, 32 L.R.A. 193].)　　It is also the general rule, as set forth in section 461 of the Restatement of Torts, that the "negligent actor may be liable for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct." (Cf. *Jonte* v. *Key System*, 89 Cal.App.2d 654, 660 [201 P.2d 562].)

　　In the light of these principles, the evidence is ample to support the award. The defective condition of the stairway resulted in injuries to plaintiff's hip and leg, and her fall through the step leaving her suspended many feet above the ground was obviously sufficient to permit a finding of severe shock and fright. Dr. Meyer Zeligs, a psychiatrist who examined plaintiff, testified that prior to the accident she had a latent schizophrenia, that her fall constituted a major emotional trauma in her life, that it had a special significance to her aside from the usual fright of any individual falling through an opening with the fear of being killed, and that in his opinion the accident "precipitated her acute psychotic break." Similar testimony was given by Dr. Edward Shev, a neurologist and psychiatrist.

　　There is no merit to the contention that defendant was prejudiced by the fact that plaintiff did not appear and testify at the trial. Her deposition, taken by defendant, was read into the record, and she also answered interrogatories propounded by defendant. There was evidence that it would be detrimental to plaintiff's health to appear in court, and no claim is made that defendant sought during trial to compel plaintiff's attendance as a witness.

　　On a motion for new trial defendant presented affidavits of the bailiff and a deputy sheriff to the effect that, as the jury was being escorted to the courtroom after notifying the bailiff that a verdict had been reached, plaintiff's attorney spoke to members of the jury. The motion was denied. The affidavits do not state what the attorney said. The attorney says he uttered one word, "Verdict?" The conduct of the attorney, of course, was improper, but it is apparent that no harm resulted to defendant in view of the fact that the jury had already arrived at a verdict.

The judgment is affirmed.

Traynor, J., Peters, J., and White, J., concurred.

302

McCOMB, J.—I dissent.

In my opinion this is the sole question necessary to be determined: *Did the trial court err in giving an instruction on res ipsa loquitur containing the following statement?* *"From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.*

*"When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant's negligence. If the evidence tending to prove that the accident was caused by a failure of the defendant to exercise the care required of her has a greater weight than the evidence to the contrary, you will find in favor of the plaintiff on that issue."*

*Yes.* Each party produced an expert witness who testified as to the cause of the stairway's breaking. They agreed on the essential propositions that (1) because of the manner in which the stairway was originally constructed and painted, the materials were unduly exposed to the weather and had deteriorated; (2) that such deterioration allowed nails to corrode or rust and also caused dry rot and splitting of the wood at points which might not be apparent to the average person; and (3) that while both the manner of the construction and the subsequent deterioration would be observable to an expert, neither would be a danger signal to a layman.

There was also evidence that both plaintiffs knew the steps to be squeaky and unpainted.

It is the general rule that whether a particular inference shall be drawn is a question of fact for the jury even in the absence of evidence to the contrary. (*Burr* v. *Sherwin Williams Co.,* 42 Cal.2d 682, 688 [5, 6] [268 P.2d 1041]; cf. *Scnaris* v. *Haas,* 45 Cal.2d 811, 823 [5a], 827 [13] [291 P.2d 915, 53 A.L.R.2d 124]; *Anderson* v. *County of Santa Cruz,* 174 Cal. App.2d 151, 155 [3] [344 P.2d 421]; Prosser on Torts (2d ed. 1955) Circumstantial Evidence, Res Ipsa Loquitur, § 42, pp. 199 et seq.)

In the present case the trial court disregarded this rule and, in effect, instructed the jury that plaintiff wife's injury as a matter of law gave rise to an inference that defendant's negligence was the proximate cause thereof.

An inference of negligence cannot arise as a matter of law unless the accident was one "which ordinarily does not occur

in the absence of someone's negligence." (Prosser on Torts (2d ed. 1955) Circumstantial Evidence, Res Ipsa Loquitur, § 42, pp. 199 et seq.)

The proximate cause of the accident was admitted by both parties to have been a latent defect caused by the effect of weather on the staircase. A landlord, however, is not guilty of negligence in failing to repair such a defect unless he had knowledge or notice of the defect or reasonable inspection would have disclosed it. (*Burks* v. *Blackman,* 52 Cal.2d 715, 718 [4] [344 P.2d 301]; *Harris* v. *Joffe,* 28 Cal.2d 418, 423 [1] et seq. [170 P.2d 454]; Rest., Torts, Negligence (1934), § 360, p. 976.)

There was no evidence that defendant had knowledge or notice of the defect; and since the jury could have found that reasonable inspection would not have disclosed the defect, the application of the doctrine of res ipsa loquitur depended upon the determination of a factual issue and was not compelled as a matter of law. It was therefore error for the trial court to instruct the jury that plaintiff wife's injury as a matter of law gave rise to an inference that negligence by defendant was a proximate cause thereof. (Cf. *Faulk* v. *Soberanes,* 56 Cal.2d 466, 470 [4] et seq. [14 Cal.Rptr. 545, 363 P.2d 593].)

It should be noted that since the proximate cause of the accident was admitted by both parties, the jury needed no recourse to an inference in order to determine the cause of the accident, and the only factual issue was whether defendant's inspection existed at all or was reasonable if it existed. Under the circumstances, the inference of negligence on which the court instructed could only have been understood by the jurors to refer to negligence in failing to inspect. The fact that the accident occurred, however, although it might have given rise to an inference that the stairs were defective in some way, raised no inference of negligence on the part of defendant.

I would reverse the judgment.

Schauer, J., concurred.