[S. F. No. 21560.   In Bank.   Aug. 31, 1964.]

MAURICE J. KEENA, Plaintiff and Appellant, v. FRANK J. SCALES, Defendant and Respondent.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Plaintiff and Appellant.

John P. Whitney and Osborne Becklund for Defendant and Respondent.

PEEK, J.—Plaintiff appeals from a judgment for defendant in an action for personal injuries arising out of a fall from a chair on which plaintiff sat while conducting a business transaction in defendant's office.

The sole issue presented on this appeal is whether the trial court committed prejudicial error in failing to give plaintiff's proffered instruction on the doctrine of res ipsa loquitur.

Defendant made certain repairs to plaintiff's automobile, and the parties entered defendant's office for the purpose of drawing up the repair bill. Plaintiff sat on a swivel chair in

front of defendant's desk while the defendant computed the bill from a seat behind the desk. Plaintiff testified that he leaned forward for a period of five to ten minutes, watching the computation; that when defendant commenced to use the adding machine plaintiff leaned back in the chair; that as he did so he fell backward with the chair in one continuous motion to the floor; and that he did not hear the sound of breaking wood prior to striking the floor.

Defendant also heard no sounds prior to the chair striking the floor. He did not observe the fall as he was looking elsewhere at that time. He testified that before the fall and during the computations plaintiff was ''leaning back in a comfortable position'' and was using the chair in a normal manner as had been done on many occasions by others.

There was a conflict in plaintiff's and defendant's testimony as to whether, after the fall, one of the casters was not in place, the plaintiff contending that it was not, the defendant that it was.

Defendant's sister, who was looking into the office at the time of the accident, testified that she saw plaintiff leaning back comfortably, move forward slightly, lean back again and fall with the chair to the floor. She testified that she had used the chair on many occasions without any difficulty.

There was other evidence that the chair had been used daily in a normal manner, and that its occupants had regularly leaned back in it. Defendant testified that the chair was ''sound and solid.'' His accountant testified that it was ''in perfect condition,'' although three months prior to the accident it had fallen out from under him as he leaned back, but that it had not broken. He also testified that swivel chairs of modern design have ''a lower center of balance, not so likely to tip.'' It appears that at the time of the accident the chair here involved was approximately 40 years of age.

Defendant had purchased the chair some eight years earlier and new casters had been attached to it six months before the fall. Following the accident the backrest was loose and the slats attached thereto were broken, one armrest was loose and the upright connecting it to the seat was broken off at the base, and the other armrest was completely broken off.

Each party produced expert witnesses who testified as to the probable cause of the accident. Plaintiff's experts, a physicist and a wood technologist, concluded that the condition of the chair caused it to break while plaintiff was using it, and that the chair was broken before it hit the floor. Defendant's

expert, a professor of engineering, concluded that the chair did not break before it hit the floor, and that the mechanics of the chair were such that it would fall if a user leaned too far back in it.

Plaintiff proffered to the trial court the following instruction on the doctrine of res ipsa loquitur: "If, and only in the event, you should find that the chair in question collapsed in the manner as claimed by the Plaintiff and if you should find that from that accidental event, as a proximate result thereof, Plaintiff has suffered injury, you are instructed as follows: An inference arises that the proximate cause of the occurrence in question was some negligent conduct on the part of the Defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference, either alone or with any other evidence supporting it, preponderates over contrary evidence, it warrants a verdict for the Plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the Defendant to rebut the inference by showing that he did, in fact, exercise ordinary care and diligence, or that the accident occurred without being proximately caused by any failure of duty on his part."

The trial court refused the instruction because of its belief that the doctrine of res ipsa loquitur was inapplicable to the case under any view of the evidence. The point was vigorously argued by the plaintiff upon a motion for new trial but the motion was denied.

In *Di Mare* v. *Cresci*, 58 Cal.2d 292, beginning on page 298 [23 Cal.Rptr. 772, 373 P.2d 860], this court stated that the doctrine of res ipsa is "applicable where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the one responsible. [Citations.] . . . The doctrine may be invoked whether or not the defendant was in a better position than the plaintiff to explain what occurred so long as it appears more probable than not that the injury resulted from the defendant's negligence. [Citations.]" (See also *Seffert* v. *Los Angeles Transit Lines*, 56 Cal.2d 498, 501 [15 Cal.Rptr. 161, 364 P.2d 337]; *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 445 [247 P.2d 344].)

There is little dispute that, in the instant case, the accident probably occurred as the result of someone's negligence. As a matter of common knowledge, a swivel chair, de-

signed so that the seat and backrest can be tilted backward, does not ordinarily fall in a backward motion to the floor when used in a normal, prudent manner. (See *Rose* v. *Melody Lane,* 39 Cal.2d 481, and citations at p. 486 [247 P.2d 335].)

That the negligence which probably caused the accident was that of defendant is, however, not so readily apparent. There is sufficient evidence to warrant findings that defendant had exclusive control of the chair up to the time that plaintiff sat in it, and that defendant was responsible for its inspection and maintenance. Moreover, there is ample evidence to warrant a finding that the condition of the chair in no way changed from the time that plaintiff first sat in it until he leaned back immediately preceding the fall. However, there is also evidence which would support a finding that plaintiff's negligent use of the chair was the cause of the accident.

Where, as here, plaintiff has produced evidence sufficient to support findings that the conditions requisite to the drawing of the inference are present, it is error for the trial court to refuse to allow the inference by refusing a proper instruction. Where reasonable men may differ as to the balance of probabilities, the question must be left to the jury. (See *Wolfsmith* v. *Marsh,* 51 Cal.2d 832, 835-836 [337 P.2d 70, 82 A.L.R.2d 1257].)

However, though it would have been error to refuse a proper instruction, it would not have been error to refuse an erroneous or incomplete instruction. (*Faulk* v. *Soberanes,* 56 Cal.2d 466, 470-471 [14 Cal.Rptr. 545, 363 P.2d 593].) Hence, the remaining question in this case is whether the proffered instruction was proper.

General instructions on the doctrine of res ipsa loquitur relate, first, to the circumstances which justify its application, and second, to the effect of the inference. Only if the conditions justifying application exist as a matter of law is the basic instruction, relating only to the effect of the inference, proper. (See *Seneris* v. *Haas,* 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R.2d 124]; *Kite* v. *Coastal Oil Co.,* 162 Cal.App.2d 336, 344 [328 P.2d 45].) Where, as in the instant case, questions of fact are involved as to any of the requisite conditions, proper instructions presenting those issues to the jury for determination are required in addition to the basic instruction.

Plaintiff's instruction is essentially the "basic" res ipsa loquitur instruction; that is, one which simply explains

the effect of the inference. Plaintiff's contention is that the qualifying words, "If, and only in the event, you should find that the chair in question collapsed in the manner as claimed by Plaintiff," sufficiently pose to the jury the conditional application of the doctrine. He relies heavily upon *Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432 [260 P.2d 63]. We do not understand the *Hardin* case as providing the degree of support for plaintiff's contention that he seeks to draw from it. Therein we suggested that, in the circumstances of that case, an instruction prefaced by hypothetical language similar to that here involved would be proper. But there the issue was whether the accident had in fact occurred; there was no doubt that, if it had occurred, the manner in which it was claimed to have occurred would justify the application of the doctrine. The suggested instruction was proper in *Hardin* because it succinctly presented to the jury the fact issue which determined the applicability of the doctrine in that case. The fact issues involved in the case at bar are different in kind from that in *Hardin,* and an instruction following the model there suggested is for that reason not conclusively proper here. The problem remains whether the instruction tendered to the court in *this* case amply presented to the jury the issues of fact upon which the applicability of the doctrine hinged.

A proper instruction in the circumstances of the instant case would make clear to the jury that the doctrine of res ipsa loquitur could not apply unless the plaintiff was free from fault causing the accident. Fairly read, the proffered instruction makes an effort to convey that restriction by providing that the inference of negligence would arise "If, and only in the event, you should find that the chair in question collapsed in the manner as claimed by the Plaintiff."

There is little doubt that this language is somewhat lacking in clarity, and that the matter of contributory fault might have been put to the jury more precisely. However, the practical question here is whether the language used would have served the requisite purpose. We are convinced that it would have.

If the jury had found that the chair "collapsed in the manner as claimed by the Plaintiff," it would necessarily have found that plaintiff was not at fault, for plaintiff claimed throughout the trial that the chair fell unexpectedly while he was using it in a normal and prudent manner. The instruction would be improper if it permitted the inference of

negligence from the fact of the chair's "collapse," and that alone, for such an instruction could readily be interpreted to permit the inference whether or not plaintiff was at fault. But when, as here, the inference can only arise if the chair fell "in the manner as claimed by the Plaintiff," no such interpretation is possible. As we recently observed in an analogous case, "More specific language in regard to that factual issue would have been desirable, but it is unlikely that the jury would have been misled by the requested instructions, and the trial court did not refuse them because of a lack of specificity but because of its mistaken belief that res ipsa loquitur could not apply under any view of the evidence." (*Davis* v. *Memorial Hospital,* 58 Cal.2d 815, 819 [26 Cal.Rptr. 633, 376 P.2d 561].)

■ It is further asserted that the instruction is defective in that it provides that if the jury finds that the inference is warranted, and that the inference and supporting evidence "preponderates over contrary evidence, it warrants a verdict for the Plaintiff." It is urged that this portion of the instruction is erroneous in that it fails to point out that plaintiff's contributory negligence will bar his recovery no matter how much evidence of defendant's negligence there might be. However, as pointed out above, the instruction sufficiently informs the jury that it cannot find the inference unless it find that plaintiff was without fault. And even if it be thought that negligence could be found absent the inference, the jury was fully instructed on contributory negligence in other portions of the charge. Therefore, even if the proffered instruction is erroneous in this respect, such error would not be prejudicial. (See *Hardin* v. *San Jose City Lines, Inc., supra,* 41 Cal.2d 432, 436.)

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Tobriner, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Molinari in the opinion prepared by him for the District Court of Appeal in *Keena* v. *Scales* (Cal.App.) 34 Cal.Rptr. 625.