[Civ. No. 9987.   Third Dist.   Jan. 18, 1961.]

WILBUR E. HARRISON, Appellant, v. GEORGE A. THOMSON et al., Respondents.

Leander W. Pitman for Appellant.

D. Jack Darley for Respondents.

WARNE, J. pro tem.*—Plaintiff appeals from a judgment entered in favor of defendants based upon a finding of contributory negligence on the part of the driver of appellant's automobile, which negligence was imputed to appellant. The case was tried by the court sitting without a jury.

It appears from the record that on the afternoon of July 18, 1958, appellant's wife, Ruanna Harrison, was driving his Ford sedan automobile in an easterly direction on Red Bluff Street in the town of Central Valley, at a speed of approximately 25 miles per hour. At the same time, respondent Charles A. Thomson, a minor, was operating a 1952 Ford sedan automobile, owned by his father, respondent George A. Thomson, in a southerly direction on Muscle Shoals Avenue at a speed, according to his testimony, of 30 miles per hour.

Red Bluff Street and Muscle Shoals Avenue intersect at right angles. There were no yield right-of-way signs, stop signs, or traffic lights at the intersection at that time. Both streets are black topped, level, and the paved portions are 18 feet wide. The weather was clear and the pavements of both roads were dry at the time.

When respondent Charles A. Thomson was approximately 80 to 100 feet from the intersection he looked across a vacant lot on the northwest corner of the intersection, saw appellant's automobile and applied his brakes, but was unable to stop. The collision occurred near the center of the intersection, respondent's car hitting appellant's automobile on the left side at the doors and rear fender.

Officer Carroll of the California Highway Patrol was called to the scene of the accident and made an investigation. He testified that respondent's car skidded 45 feet before the impact. Upon the physical facts he expressed the opinion that respondent's car was traveling at a speed over 40 miles per hour. The trial court found that the respondent, Charles A. Thomson, was guilty of negligence in the operation of his father's car and that his negligence proximately caused it to collide with appellant's automobile, causing damage to the latter's automobile, but that said collision and said damage was not the sole proximate result of the negligence of either

*Assigned by Chairman of Judicial Council.

of the respondents. The trial court further found that appellant's wife was driving his automobile with his consent and permission, express or implied; that Mrs. Harrison did not exercise ordinary care, caution or prudence to avoid said accident; that she was negligent in the operation of his automobile; that her negligence proximately contributed to and caused said accident and resulting damage to appellant's automobile; and that said negligence should be imputed to appellant.

Mrs. Harrison testified that as she approached the intersection at 20 miles per hour she looked to the left across the vacant lot, but did not see respondent's automobile; that she then looked to the right while slowing to 15 miles per hour and saw no northbound traffic. Then, entering the intersection and accelerating, she looked to her left a second time and saw respondent's automobile for the first time, 20 feet north of the intersection.

Appellant argues that all the evidence shows that Mrs. Harrison's vision was partially obscured by brush, tall grasses, trees and the physical fact that Red Bluff Street was lower in elevation than Muscle Shoals Avenue. It is contended that it was not reasonable for the trial court to draw the inference that Mrs. Harrison was inattentive in "looking but not seeing" but instead, that the court should have drawn the conclusion that her view of respondent's automobile was blocked or obscured by some intervening object. Appellant contends that as a matter of law under Vehicle Code, section 511, subdivision (a)(4) (now § 22352), the intersection in question was a "blind intersection" and the testimony of various witnesses that the corner was not blind raises no conflict in the evidence.

Officer Carroll testified that, in his opinion, the intersection was not a "blind intersection" and this was based upon his observation that "either vehicle could have seen the other one when he was approaching 100 feet of the intersection." He testified that "There were just three or four individual bushes with empty spaces in between them through which you could see across to the other roadway partly. They didn't constitute an obscurement to vision, but more an obstruction to clear vision."

Vehicle Code, section 511, subdivision (a)(4) (now section 22352), provides for a speed of 15 miles per hour "When traversing any intersection of highways if during the last 100 feet of his approach to such intersection the driver does not have a clear and unobstructed view of such intersection and

of any traffic upon all of the highways entering such intersection for a distance of 100 feet along all such highways, except on a through highway or at a traffic-controlled intersection." Such an intersection has been called a "blind intersection." (*Sullivan* v. *Richardson*, 119 Cal.App. 367, 375 [6 P.2d 567].) This section, however, is not conclusive of the issue here presented. While it is true, as appellant contends, that the evidence shows that a person operating a motor vehicle in an easterly direction on Red Bluff Street would not at all times have a clear and unobstructed view of traffic proceeding in a southerly direction on Muscle Shoals Avenue within 100 feet of the intersection, it does not necessarily follow that Mrs. Harrison was free of contributory negligence for that reason. The effect of Officer Carroll's testimony was that the intersection was not "blind" in the sense that a driver on Red Bluff Street could not see vehicles on Muscle Shoals Avenue and, as hereinabove stated, that either driver could have seen the other one as he or she was approaching 100 feet of the intersection. Other witnesses testified to the same effect. Respondent Charles A. Thomson testified that he saw appellant's car across the lot. Even Mrs. Harrison testified that on prior occasions she had traveled along Red Bluff Street and looked for traffic proceeding south on Muscle Shoals Avenue. Upon these facts the trial court could infer that if Mrs. Harrison had looked to the left as she slowed down to enter the intersection, she could have seen respondent's car approaching. The trial court, as stated in its oral opinion, was "unable to conceive why, if the plaintiff's driver looked, she didn't see." ▇▇ "When there is evidence to the effect that one did look, but did not see that which was in plain sight, . . . [which he could have seen in the] exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive." (*Gilbert* v. *Pessin Grocery Co.*, 132 Cal.App.2d 212, 221 [282 P.2d 148].)

▇▇ In *Callahan* v. *Gray*, 44 Cal.2d 107, 111 [279 P.2d 963], the court said:

"It is elementary that 'Whether or not defendant was guilty of negligence . . . or plaintiff was guilty of contributory negligence . . . is ordinarily a question of mixed fact and law and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented' (*Gray* v. *Brinkerhoff* (1953), 41 Cal.2d 180, 183 [258 P.2d 834]) and 'When two or more

inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court [or jury]' [citing many cases]."

The evidence hereinabove recited would support the trial court's findings that Ruanna Harrison did not exercise ordinary care, caution or prudence to avoid the accident; that she was negligent in the operation of the automobile of appellant; and that her negligence proximately contributed to and caused the accident and the resulting damages sustained by appellant. These findings support the judgment.

For the reasons above stated the judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.