[Civ. No. 25248.   Second Dist., Div. One.   Oct. 3, 1961.]

KATHARINE MITCHELL et al., Appellants, v. GEORGE W. KLUBER et al., Respondents.

Edward Mosk and Aaron B. Rosenthal for Appellants.

John G. Zelezny, Veatch, Thomas & Carlson, Henry R. Thomas and Henry F. Walker for Respondents.

FOURT, J.—This is an appeal from a judgment in favor of the defendants in a personal injury action.

Plaintiffs are husband and wife. It is alleged in the complaint that the wife was injured by the negligent conduct of Kluber (that in walking Kluber collided with Katharine Mitchell and caused her to fall to the sidewalk, thereby bringing about the injury). The husband sought to recover medical expenses. Hereinafter the wife will be referred to as the plaintiff. Judgment was in favor of the defendants.

A résumé of some of the facts as developed by the evidence is as follows: Carrie Repp, sued herein as a Jane Doe, and dismissed as a defendant at the pretrial, was the assistant clerk and treasurer of the church above named. Among her duties she was to count and deposit the moneys collected at the Sunday services in a bank with off-banking hours depositary facilities. Mr. Kluber was a member of the church who attended services and from time to time assisted in the counting and depositing of the funds and acted in part as a guard to Carrie Repp. Kluber performed his services as a volunteer and received no money compensation for his work.

At the church services on June 9, 1957, a collection was taken at the church and the money so collected was counted and prepared for deposit in the California Bank on the north side of Wilshire Boulevard near Beverly Drive. A Beverly Hills City policeman was called for at or about the time a car driven by Carrie Repp with Kluber as an occupant thereof was to leave the church for the bank with the money for deposit. A police car arrived in due time and followed the Repp car to the bank. Carrie Repp parked her car on Wilshire Boulevard at the north curb and to the west of the entranceway into the bank. The policeman parked the police car to the east of the entranceway to the bank. There were some other automobiles parked between the Repp car and the police car. The sidewalk area in front of the bank was 15 feet 1 inch in width. Upon parking her car, Carrie Repp handed the depositary key to Kluber who proceeded in a northeasterly direction from the Repp car to the entranceway of the bank and made the deposit of the money in the facilities provided by the bank. Kluber looked both right and left as he walked but did not see anyone walking in the immediate area at the time. It took a matter of from one-half to three-quarters of a

minute to complete the deposit and thereupon Kluber started back to the Repp car. On the way out of the bank entranceway Kluber signalled to the police officer in effect that he had made the deposit. Kluber walked in a diagonal southwesterly direction toward the Repp car and passed from the officer's view because of the cars parked ahead of the officer. A second or so later the officer heard a woman scream and he got out of the police car and saw the plaintiff on the sidewalk. The officer did not see the plaintiff and Kluber come together.

Kluber was in no hurry and walked in a normal fashion. After he had signalled to the officer from the entranceway of the bank to the effect that he had made the deposit he glanced to the right and saw the plaintiff about a step away from him. Kluber at that time was moving slowly. He testified in effect that he hesitated when he saw the plaintiff and that "she was looking to her right and she turned around and ran into me . . ."

The plaintiff was walking in the middle of the sidewalk or in other words approximately 7½ feet from the building. When the plaintiff was at or about the point of impact she turned her head to the left and bumped into Kluber. (From this view of the testimony it is apparent that plaintiff saw Kluber and walked into him as he stopped to avoid her.)

A jury, after about 35 minutes of deliberation, unanimously decided in favor of defendants. A notice of appeal was filed after a motion for a new trial was denied.

■ Appellants now contend in effect that Kluber, as a matter of law, was guilty of negligence proximately causing the injuries complained of and that as a matter of law the plaintiff was not guilty of contributory negligence.

A reading of the entire transcript of the testimony demonstrated that there was evidence which, if believed, established that Kluber was not negligent in any respect and that plaintiff was guilty of contributory negligence.

It was a question of fact for the jury to determine as to who was negligent and as to who was careful and prudent. The jury apparently was thoroughly convinced with reference thereto for it took only a matter of 35 minutes to organize, elect a foreman, deliberate and return to the court room with their verdict to the effect that the plaintiff was guilty of negligence and that the defendant was not guilty of negligence.

We cannot say there is no hypothesis whatever to support the judgment. (See *Stoner* v. *Bisno,* 162 Cal.App.2d 164, 171-

172 [327 P.2d 922]; *Kuhn* v. *Gottfried,* 103 Cal.App.2d 80, 84 [229 P.2d 137].)

The general verdict which was returned imports findings favorable to the defendants upon all material issues. (*Elliott* v. *Rodeo Land & Water Co.,* 141 Cal.App.2d 404, 411 [297 P.2d 129].) The appellants have not demonstrated that there is no substantial evidence to support the challenged findings of the jury. (See *Owens* v. *White Memorial Hospital,* 138 Cal.App.2d 634, 638 [292 P.2d 288].)

Appellants seem to think that the jury, under the circumstances, was required by law to believe the plaintiff in her testimony. It requires no authority to state that such is not the case. There was, as heretofore indicated, evidence from which it could be determined that Mrs. Mitchell was guilty of negligence. (See *Von Roux* v. *Pershing Square Garage Corp.,* 189 Cal.App.2d 626, 629-630 [11 Cal.Rptr. 656].)

Appellants have relied heavily upon *Schediwy* v. *McDermott,* 113 Cal.App. 218 [298 P. 107]. In that case the defendant came out of a market entrance about 2½ feet from the building line and collided with the plaintiff who had no opportunity to look in the private passageway before she was struck. The verdict was for the plaintiff and the appellate court affirmed the judgment, holding that the cause presented questions of fact for the jury to determine. Appellants have cited other cases which obviously are not in point.

This court cannot, under the circumstances, reweigh the evidence and draw inferences contrary to those drawn by the trial court.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.