[Civ. No. 25767. Second Dist., Div. Three. Aug. 10, 1962.]

PAULA I. SPINAZZOLA, Plaintiff and Appellant, v. DAVE MARGOLIS et al., Defendants and Respondents.

Belli, Strong, Ashe & Gerry and Nicolas Ferrera for Plaintiff and Appellant.

Moss, Lyon & Dunn, Fulton W. Haight and Henry F. Walker for Defendants and Respondents.

SHINN, P. J.—Dave Margolis and Frank Wisner were named codefendants in an action brought by Paula I. Spinazzola for damages for personal injuries arising out of an intersection collision between two automobiles. Plaintiff's two minor children also sued through their mother as their guardian ad litem. A jury trial was had in which a verdict was returned in favor of both defendants and against plaintiff. Plaintiff's motion for a new trial was denied and she now appeals from the judgment and from the order denying her motion for a new trial. That order is not appealable and the appeal therefrom is dismissed. (*Torres* v. *City of Los Angeles,* 58 Cal.2d 35, 55 [22 Cal.Rptr. 866, 373 P.2d 906].)

 Appellant first advances the contention that the evidence was insufficient as a matter of law to support the verdict and judgment in favor of respondents. Viewing the evidence in the light most favorable to respondents (see *Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231]), this contention is patently devoid of merit.

Around noontime of April 22, 1958, a clear and dry day, defendant Margolis was eastbound on 57th Street and plaintiff was northbound on Victoria Avenue in Los Angeles. The view of the approaching vehicles was unobstructed. Plaintiff was traveling between 20 and 30 miles per hour and when about 75 feet from the intersection began slowing down until she reached the intersection. At that point she was moving about 5 miles per hour. She then speeded up and proceeded to enter the intersection while accelerating. She testified that she had a definite recollection of looking both ways, that is, to the east and west before she entered the intersection. She testified she did not see defendant's approaching vehicle. It would appear that plaintiff's automobile was about in the middle of the intersection when she was struck on the side by defendant's automobile. As a result of the impact plaintiff's vehicle was caused to deviate from its course and jumped a curb ending up against the pillar of a porch of a house located on the northeast corner of the intersection. While the evidence was neither conclusive nor undisputed, reasonable

minds might well conclude from the evidence that appellant was negligent in attempting to cross the intersection and it cannot be said as a matter of law that she was not negligent. The question was one of fact and the evidence is manifestly sufficient to support the finding implied in the judgment. (*Primm* v. *Primm, supra,* 46 Cal.2d 690, 693; *Mitchell* v. *Kluber,* 196 Cal. App.2d 18, 20-21 [16 Cal.Rptr. 292]; *Almanerz* v. *San Diego Electric Ry. Co.,* 15 Cal.App.2d 423, 426-427 [59 P.2d 513] ; *Harrison* v. *Thomson,* 188 Cal.App.2d 308 [10 Cal.Rptr. 406].)

■ Appellant next claims error in that the trial court dismissed the cause as to the minor plaintiffs. The dismissal was granted upon plaintiff's motion as guardian ad litem and she may not now complain upon behalf of the minors. Neither appellant nor any of those plaintiffs dismissed under the trial court's order is in any position to claim error. (*Film Technicians* v. *Color Corp. of America,* 141 Cal.App.2d 553, 555 [297 P.2d 86] ; *El Rio Oils, Ltd.* v. *Pacific Coast Asphalt Co.,* 95 Cal.App.2d 186, 196 [213 P.2d 1].)

Appellant next objects to certain rulings made by the trial court relating to matters of evidence. Upon a review of the record and appellant's assignments of error we are persuaded that all fall into one of two categories: (1) No error exists, (2) that which could possibly be error was either not objected to or was not prejudicial to plaintiff's cause. Moreover these points are stated so casually, and without supporting argument as to deserve no particular discussion.

■ It is next urged that the court committed prejudicial error in the giving or refusal of · instructions to the jury. Appellant's opening brief states there was error in giving an instruction on proximate cause. Plaintiff, as well as defendants, requested that this instruction be given and has no grounds for complaint under these circumstances. (*Zuckerman* v. *Underwriters at Lloyd's, London,* 42 Cal.2d 460, 470 [267 P.2d 777].) Plaintiff next claims that no instruction on contributory negligence should · have been given. That sufficient evidence supportive of this theory exists has been noted above. In fact if such an instruction had been refused the refusal would have constituted prejudicial error. (*Welker* v. *Scripps Clinic etc. Foundation,* 196 Cal.App.2d 338 [16 Cal.Rptr. 538].) ■ Plaintiff then cites by number, only, 13 proffered BAJI instructions. Neither argument nor authority is advanced to support plaintiff's contention of error regarding these instructions. Under these circumstances

a reviewing court will not consider the point. (*Batchelor* v. *Caslavka,* 128 Cal.App.2d 819, 823 [276 P.2d 64].)

The purported appeal from the order denying motion for a new trial is dismissed. The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 2, 1962.