[Civ. No. 22677.   First Dist., Div. Three.   Feb. 8, 1966.]

MEREDITH HINER, Plaintiff and Appellant, v. MARIE HUBBARD et al., Defendants and Respondents.

William J. Scammon for Plaintiff and Appellant.

Stephen J. Dimeff and D. W. Brobst for Defendants and Respondents.

DEVINE, J.—Appellant fell while she was ascending a flight of stairs. She brought this action, unsuccessfully, against her landlords. The stairs were for the common use of all of the tenants. Appellant makes three points.

1. *Should res ipsa loquitur instruction have been given?*

The answer is No. The evidence shows that appellant was carrying a parcel of groceries in one arm, was holding a

handrail with the opposite hand. She was wearing sandals. She testified that her shoe caught underneath a rubber matting on one step, the matting coming between her shoe and her foot. Appellant gave a demonstration to the jury of her walking while she wore the sandals. Photographs of the steps were admitted in evidence, but their accuracy was disputed. There was expert testimony that the carpet was not properly laid. There was medical testimony that the injury could not have occurred by the manner of the falling as testified by appellant.

It is not a res ipsa loquitur case. Mere falling on a stairway is not such an accident as does not happen in the absence of fault of a party other than the injured person himself. (*Gray* v. *City & County of San Francisco*, 202 Cal. App.2d 319, 325 [20 Cal.Rptr. 894]; Prosser, *Res Ipsa Loquitur in California*, 37 Cal.L.Rev. 183, 191-192.) Moreover, appellant did not request an instruction which would have submitted to the jury the determination whether the prerequisites exist for applying the doctrine of res ipsa loquitur. (BAJI No. 206-A Rev.) She requested the instruction which applies res ipsa loquitur as a matter of law (BAJI No. 206 Rev.) and an instruction which applies only when the occurrence of the accident or injury is denied, which was not the case (BAJI No. 206-B Rev.). (The revised instructions are in the 1964 Pocket Parts.) *Di Mare* v. *Cresci*, 58 Cal.2d 292 [23 Cal.Rptr. 772, 373 P.2d 860], upon which appellant places much reliance, is quite distinguishable. In that case there was not a mere tripping. A step collapsed. This is an event which ordinarily does not happen in the absence of negligence.

2. *Was there prejudicial error in modifying a proffered instruction?*

Here, too, the answer is No. The instruction as given reads as follows: ''It is the duty of a landlord, such as the defendants in this case, to exercise reasonable care in making safe, and in the maintenance and repair of, any part of a building over which they retain control and which is reserved from the exclusive control of anyone so that it may be used in common by all tenants and all others who may lawfully enter the premises. The exercise of such care requires reasonable inspection and inquiry concerning conditions into which a person of ordinary prudence in the landlord's position would

foresee the likelihood of deterioration and danger. A violation of that duty subjects the landlords to liability for a tenant's injuries as a proximate result of such violation. To prove such a violation of duty the evidence must show at least one of these facts (1) that the landlord was negligent in his activities in or upon such a place under his control; (2) that the landlord had knowledge of an unsafe or defective condition in question and failed to exercise ordinary care in correcting the same; or (3) that if he did not have such knowledge and did not correct the condition, he would have obtained that knowledge if he had exercised ordinary care." As requested by appellant, the instruction would have contained the following additional paragraph: "When the existence of a dangerous or defective condition in or about the leased premises in question has been proved, and it becomes pertinent to find out whether or not the landlord has knowledge of that condition, if the evidence shows that the condition was negligently created by the landlord himself the law conclusively presumes that the landlord had knowledge of said condition from the time of its creation."[1]

Appellant's argument is that: (a) Undisputed evidence produced by appellant demonstrated that respondent Chelsa Hubbard shifted the carpeting on the stairway (about four years before the fall) and installed the matting thereon (about two years before the accident). (b) Appellant's testimony as to the manner of her fall, that is tripping between the carpeting and the matting, is undisputed and must be found to be true. (c) An expert in the laying of carpeting and matting testified that the stairway was defective and dangerous. The expert testified that the fault was that where the matting was placed on each step, it should have been continued to the foot of the riser or at least back under the bull nose of each step. Instead, each matting was tacked to the front of the bull nose. In time, he testified, the tacks will loosen up and the two pieces will open, causing a trip-trap; the time would depend on the traffic on the staircase. (It is difficult to follow the record because words such as "this" and "here" were freely used without identification.)

Then, having established the foregoing facts, says appellant, it became vital to ascertain whether defendants had knowledge of the condition of the stairway. The jury should have been told, says appellant, that it is *conclusively presumed* that respondents had such knowledge because the

---

[1]This paragraph is based on BAJI No. 216-B.

condition had been created by Chelsa Hubbard. Appellant asserts that the given part of the instruction, which sets forth his duty to keep the premises safe for his tenants, is predicated upon proof for each of the three ways that the landlord have *knowledge* of the defective condition.

One of the factual elements contended for by appellant has not necessarily been established, namely, the manner and cause of plaintiff's fall. Although plaintiff testified that her sandal got caught between the matting and the carpet, the physician testifying for the defense said that it would have been impossible for the injury which appellant sustained to have been caused by the fall as she described it. He testified that the injury occurred from an inward rotation of the leg. Her testimony was that her foot bent backward.

But, returning to the instruction, we find that the refused portion is of doubtful applicability and that the given part was adequate to sustain appellant's theory if the jury had agreed with appellant's version of the facts. The rejected part is of doubtful applicability because it relates to a dangerous or defective condition which was negligently *created* by the landlord. This, we take it, refers to a condition which was dangerous from the time of its "creation" by the landlord and not to a dangerous or defective condition which came about sometime after work was done by the landlord, even if eventually, and even inevitably, a dangerous or defective condition would appear. We think this is so because the instruction is an extraordinarily positive one. Indeed, it refers to a conclusive presumption, although section 1962 of the Code of Civil Procedure states that the presumptions contained therein, and no others, are deemed conclusive. The presumption mentioned in the instruction is not contained in section 1962. The last sentence of section 1962 refers to "Any other presumption which by statute is expressly made conclusive." But the one which is mentioned in the instruction is not expressly made conclusive by statute. It may be that the instruction would not be faulty if given in connection with a condition which from the beginning has been dangerous and defective and which has been created by the landlord. In such a case, there would not be much difference between the negligence in creating the dangerous or defective condition and the negligence in not remedying it. But to hold that a landlord who does any work about the premises or makes any repairs which are bound to become hazardous after the passage of time and of use is conclusively presumed

to know of the dangerous or defective condition after it occurs, is a burden which the law does not impose upon him.

The first part of the given instruction states that it is the duty of the landlord to exercise reasonable care in the making safe and in the maintenance and repair of any part of a building which may be used in common; requires reasonable inspection and inquiry concerning conditions as to which a person of ordinary prudence as a landlord would foresee the likelihood of deterioration and danger; and states that a violation of duty may be shown in any of three ways, the first of which is that the landlord was negligent in his activities in or upon such a place under his control. This instruction allowed plenty of leeway for appellant's counsel to argue that when Chelsa Hubbard did the work of shifting the carpet and of placing the mattings, he should have foreseen the likelihood of a separation between the carpet and the matting. Presumably, counsel made such an argument; at least he was entitled to do so. The jury, in fact, may have agreed with his argument but resolved the case against appellant on the ground of contributory negligence, which is examined below. We do not find fault with the refusal of the court to give the stricken part of the instruction.

### 3. *Contributory negligence.*

Appellant makes two points in respect of contributory negligence, the first that there was no evidence sufficient to justify presenting this issue to the jury, and the second that if there were sufficient evidence to present it at all, there should have been a limitation to those elements of contributory negligence which were pleaded.

We agree, of course, that it is error to give instructions on contributory negligence in cases wherein there is no evidence of such negligence. (*Burks* v. *Blackman,* 52 Cal.2d 715, 719 [344 P.2d 301].) ■■ But in the case before us there is evidence from which the jury could deduce the existence of contributory negligence. In particular, there was a demonstration before the jury of appellant's manner of walking while she was wearing the sandals which she had worn at the time of the accident. Such a demonstration is independent evidence. No description of it was made for the record and, for all that appears, the sandals may have been loose or ill-fitting or worn in such a way as to have made it necessary for appellant to have made very good observation, in the exercise of ordinary care, of the step she was about to take and, again

in the exercise of ordinary care, to be cautious in the lifting and placing of her foot. The evidence shows that she was carrying a bag of groceries and that she did not take a particular sight on the step on which she fell. ██ Whether plaintiff was guilty of contributory negligence is ordinarily a question of mixed fact and law, and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented. (*Callahan* v. *Gray,* 44 Cal.2d 107, 111 [279 P.2d 963]; *Harrison* v. *Thomson,* 188 Cal.App.2d 308, 311 [10 Cal.Rptr. 406].) ██ Each party has a right to instructions on his theory of the case if it is reasonable and finds support in the pleadings and evidence or any inference which may be properly drawn from the evidence. (2 Witkin, Cal. Procedure (1954) Trial, § 52, p. 1780.)

Appellant argues that if instruction on contributory negligence were to be given at all, it should have been limited by plaintiff's proffered instruction No. 6, which was refused. This instruction would have allowed the jury to consider as elements of contributory negligence only the following: that plaintiff was not observing where she was placing her foot; that she was wearing a type of sandals which required her to lift her foot carefully; that she did not maintain a firm hand on the handrail; that she failed to observe the presence of the edge of the step; that she failed to lift her foot and sandal above the level of the step on which she tripped. But if any other element of contributory negligence was argued by counsel for the defense or was in any way made a point of by the defense, appellant has not shown us where or how. We do not have the argument of defense counsel.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.