[Civ. No. 460.   Fifth Dist.   Apr. 30, 1965.]

THELMA JANE HANSEN, Plaintiff and Respondent, v. MATICH CORPORATION, Defendant and Appellant.

Wilson & Wilson and William H. Wilson for Defendant and Appellant.

Harney, Ford & Schlottman and David M. Harney for Plaintiff and Respondent.

STONE, J.—Defendant appeals from a judgment for plaintiff, who sustained personal injuries in a single car accident that occurred about 3 a.m. on Big Bear Boulevard near Big Bear Lake. The accident is alleged to have been caused by a defect in the roadway. Defendant was under contract with the State of California to reconstruct a portion of Big Bear Boulevard, which is also State Route 190-G, and it had worked in the area approximately four days before the accident occurred. The appeal rests largely upon contradictions in the evidence.

There was testimony that plaintiff had been drinking preceding the accident, and that she was disturbed because a man, whom she was on her way to confront, had accused her son of the theft of an automobile.

■ Plaintiff testified, however, that she was familiar with the area, that she was driving at a reasonable and ordinary speed for the roadway in that area as she knew it, and within the speed limit, that it was a dark, cloudy night, and that she was unaware of the road construction work when her Chevrolet station wagon struck a hole or depression in the surface of the roadway. Plaintiff's evidence reflects that defendant, by its road construction activities, created a depression of some sort in the roadway, that no warning of any type was erected by defendant, that her car struck the depression and overturned, ejecting her, causing injuries resulting in permanent disability.

Defendant's first assignment of error is directed at the granting of plaintiff's motion to amend her complaint and the pretrial order. The complaint alleged an excavation or depression extending across the entire roadway of a width of about 6 feet and a depth of about 6 inches, at a point approximately 150 feet west of Drake Road and, further, that defendant negligently created the excavation. The pretrial order specified as an issue the alleged negligence of defendant in creating an excavation, in permitting the excavation to exist, and failure to warn of it.

■ It developed at the trial that the scene of the accident was some distance from that alleged, and testimony as to the condition of the roadway varied from the allegations in the complaint. Permission was granted plaintiff to amend her complaint to conform to the proof by changing the location of the accident from approximately 150 feet west of Drake Road to ''just east of Maple Lane''; by adding after the allegation ''depression'' the words ''or rough area''; and by striking the language ''which ran across said route in a generally northerly-southerly direction of width of about six feet and a depth of about six inches.'' The pretrial order was likewise amended to conform.

We find no error in the order granting permission to amend pleadings during trial. All of the evidence was before the jury, defendant was not taken by surprise, and no new cause of action was stated. ■ Squarely in point are the observations of the court in *Feykert* v. *Hardy,* 213 Cal.App.2d 67, at page 75 [28 Cal.Rptr. 510]:

''The allowance or disallowance of amendments to pleadings during the course of the trial rests largely in the discretion of the trial court [citation] and its ruling will not be disturbed unless it clearly appears that such discretion has

been abused. [Citation.] ▮ The trial court has a wide discretion in such matters where the purpose of the amendment is to raise new issues after the pleadings have been settled and the trial has commenced.''

Defendant also attacked the sufficiency of the evidence, and devoted a major portion of its brief to the facts. Plaintiff, to offset defendant's argument, likewise devoted much more of her brief to the facts than is usual. But it is apparent both sides are quite familiar with the cases holding that the resolution of conflicting evidence is for the trier of fact. (*Florez* v. *Groom Development Co.*, 53 Cal.2d 347, 354 [1 Cal. Rptr. 840, 348 P.2d 200].) It is equally clear that defendant's real purpose in stating the facts in detail is to provide groundwork for its contention that the court erred in submitting to the jury instructions on the rule of res ipsa loquitur.

▮ We shall discuss the evidence by relating it to the three conditions upon which the applicability of res ipsa loquitur rests; they are:

''(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.'' (Prosser, Torts (3d ed. 1964) p. 218.) (See *Ybarra* v. *Spangard*, 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; *Shahinian* v. *McCormick*, 59 Cal.2d 554, 559 [30 Cal. Rptr. 521, 381 P.2d 377].)

▮ The first of these conditions is clearly present, since an accident of this character ordinarily does not occur in the absence of someone's negligence. The second condition, defendant strongly urges, was not met since the agency or instrumentality causing the injury was not within its exclusive control. The gist of defendant's argument is that the accident occurred on a roadway in the early morning hours, at a time when none of its employees were at the scene either working or directing traffic, so that the road was not within its exclusive control. It also contends that the state as owner of the highway, had at least an equal right to control.

▮ However, by contract the state relinquished to defendant control over the roadway, at least to the extent necessary to rebuild or improve the roadway, and this authority continued in defendant until the work was completed. In rebuilding and repairing the road, it was defendant's duty to construct detours, to control traffic, and to reroute traffic when necessary. When defendant permitted the public to

use any portion of the highway upon which work was uncompleted, manifestly it had a duty to maintain the roadway in a condition safe for public travel. This included providing warning barriers, warning signs, lights and other signals for traffic safety. Thus defendant had control in the sense the word "control" is used in the second condition upon which applicability of res ipsa loquitur rests.

Recent cases are not in accord with the limited view of defendant that the language "within the exclusive control of the defendant" means control at the time the accident happens. ▮ Exclusive control refers to control by a defendant at the time the alleged negligence that caused the accident occurred. This court recently said, in *Exploration Drilling Co.* v. *Heavy Transport, Inc.*, 220 Cal.App.2d 397, at page 404 [33 Cal.Rptr. 747]:

"It is often said that in order to invoke the doctrine the instrumentality involved must be under the sole control of a defendant. . . . But when mention is made of the control of the instrumentality, that statement may properly refer to control at the time of the negligent act or omission rather than at the time of the accident [citations] or to the right of control rather than actual control [citation]."

In arguing that res ipsa loquitur is not applicable because the second condition was not proved, defendant calls our attention to serious conflicts in the evidence as to whether defendant disturbed the roadway surface at the place where the accident occurred or left it in a dangerous condition. Even plaintiff's testimony on this point is contradictory. ▮ But the cases hold that conflicts in the evidence, standing alone, do not deprive a plaintiff of the benefit of the doctrine of res ipsa loquitur. In that circumstance whether plaintiff has proved the three essential conditions necessary to bring the principle into play is presented to the jury as a preliminary question of fact. This is clear from *Seneris* v. *Haas*, 45 Cal.2d 811, wherein the Supreme Court said, at pages 826-827 [291 P.2d 915, 53 A.L.R.2d 124]:

". . . 'Where the evidence is conflicting or subject to different inferences, it is for the jury, under proper instructions, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur are present. [Citation.]' . . . The existence of the conditions upon which the operation of the doctrine is to be predicated is a question of fact and the right of the jury to find those facts must be carefully preserved."

The procedure delineated in *Seneris* and approved as recently as 1964 (*Keena* v. *Scales,* 61 Cal.2d 779, 783 [40 Cal. Rptr. 65, 394 P.2d 809]), was followed by the trial court. The question whether plaintiff proved the existence of the three conditions bringing the rule of res ipsa loquitur into play was submitted to the jury with proper instructions.

Defendant's argument that plaintiff failed to prove the accident was not due to any voluntary act or condition on her part, as required by the third condition of res ipsa loquitur, presents precisely the same question that we have just discussed relative to proof of the second condition. Again, defendant points to serious conflicts in the evidence and cites part of plaintiff's own testimony that indicates she was negligent at the time the accident occurred. On the other hand, plaintiff cites other parts of her testimony in which she said she was operating the car in a normal manner, at a normal, lawful speed and without knowledge of the road work that was in progress at the time the accident occurred.

Our discussion of defendant's contention that the evidence does not support proof of the second condition of res ipsa loquitur, applies equally to the contention that the third condition was not proved. The question was submitted to the jury as a question of fact. Since reasonable men might differ as to whether the three conditions necessary to invoke the doctrine of res ipsa loquitur were proved by the evidence, the procedure was proper. (*Wolfsmith* v. *Marsh,* 51 Cal.2d 832, 836 [337 P.2d 70, 82 A.L.R.2d 1257].)

The foregoing contentions concerning the applicability of the doctrine of res ipsa loquitur and our discussion of them are not matters of first impression. Similar discussion is to be found in many of the books, but at oral presentation of the case defendant made a novel argument based on the recent case of *Fowler* v. *Seaton,* 61 Cal.2d 681 [39 Cal.Rptr. 881, 394 P.2d 697]. In that case a child 3 years and 10 months old was injured while attending nursery school. By reason of her age the child was unable to explain what happened, and the other children were of little help in relating the incident because of their tender years. The defendant, owner and operator of the school, gave the child's mother an explanation of what had occurred, but upon being shown that the physical facts rendered the explanation impossible, the defendant gave a different story. After stating the general rules governing the applicability of res ipsa loquitur, the Supreme Court, at page 689 of *Fowler,* related the defendant's contradictory statements to the rule of res ipsa loquitur as follows:

"From this evidence the jury could infer, reasonably, that the proffered explanation was false. This is important. Here we have a defendant, who had supervision of the child when the injury occurred, offering a false and certainly an unsatisfactory explanation. She was under a duty to explain. From this the jury could infer that defendant had a consciousness of guilt. This itself is evidence of a circumstantial nature that goes onto the scales in determining whether 'it is more probable than not' that the injury was the result of defendant's negligence."

Seizing upon this language of the Supreme Court, defendant argues that by parallel reasoning statements of plaintiff which defendant characterizes as false, bar her from the benefit of the res ipsa loquitur doctrine.

Apparently the jury did not think plaintiff gave false statements, since the verdict was in her favor, but regardless of this aspect of the evidence the reasoning of *Fowler* v. *Seaton* is not reversible. Although a false explanation by a defendant may be circumstantial evidence for a jury to consider in determining whether an inference of negligence is raised and res ipsa loquitur is applicable, the same is not true of a plaintiff's contradictory statements. A trial judge, even though he believes that part of a plaintiff's testimony is false, cannot deprive the plaintiff of his right to have the jury weigh all of the evidence to determine whether the conditions bringing res ipsa loquitur into play have been proved. It is well settled that only in cases where there is no question of fact as to the conditions that make res ipsa loquitur applicable is the court justified in taking the issue from the jury. (*Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336, 344 [328 P.2d 45]; *Exploration Drilling Co.* v. *Heavy Transport, Inc.*, *supra*, at p. 405.)

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.