Opinion
ROTHMAN, J.
Plaintiffs, Arzina and David Fuller (Fuller), appeal from a judgment entered in favor of defendants, Sears, Roebuck and Company and Armstrong Rubber Co. (Sears), following the granting of defendants’ motion for a nonsuit.
In July 1977, the Fullers purchased a 1977 Dodge Diplomat in El Centro, California, where they reside. In June 1979, they purchased *Supp. 4 two new tires from Sears, which tires were placed on the front wheels of the Dodge by Sears employees. Subsequently, on December 14, 1979, while en route in the Dodge from El Centro to San Diego, Mrs. Fuller heard a loud noise and suddenly lost control of the vehicle. The automobile then proceeded to veer right and leave the road, ending up in a ditch alongside the highway. The Fullers exited immediately and, shortly after the vehicle came to a rest, it exploded.
On March 19, 1980, the Fullers brought suit against Sears for personal injuries and property damage based on negligence and manufacturer’s liability. The complaint alleged that the accident was the result of the blowout of one of the tires purchased by the Fullers from Sears. At trial, Mrs. Fuller testified that from the date that she purchased the tires to the date of the accident, some five to six months, she was the sole driver of the Dodge and that, during that time, the vehicle was driven only in and around El Centro and on occasional trips to San Diego. She had the tire pressure checked regularly and did not subject the tires to anything other than ordinary use. Mrs. Fuller also testified that, on the date of the accident, she was traveling at about 50 to 55 miles per hour when the right front tire blew out, causing her to lose control of the vehicle. Since the car was totally destroyed by the explosion, the tires could not be examined following the accident.[1]
After the plaintiffs rested, Sears made a motion for nonsuit pursuant to Code of Civil Procedure section 581c. That motion was based on the grounds that there was no evidence presented to show that a blowout in fact occurred or that any design or manufacturing defect existed. Sears further argued that the doctrine of res ipsa loquitur, on which plaintiffs had stated they intended to rely, was inapplicable to the instant case. The trial court granted defendants’ motion stating that, even if an inference may be drawn that the tire did blow out, that fact alone was insufficient to establish a defect either in design or manufacture or to show negligence on anyone’s part in installing the tire on the automobile.
The well-settled rules governing the granting of a motion for nonsuit were set forth by the court in Raber v. Tumin (1951) 36 Cal.2d 654 [226 P.2d 574], as follows: “The granting of a motion for nonsuit is *Supp. 5 warranted .. . when, and only when, disregarding conflicting evidence, and giving to plaintiff’s evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.’ (Card v. Boms (1930), 210 Cal. 200, 202 [291 P. 190]; see, also, Golceff v. Sugarman (1950), ante, pp. 152, 153 [222 P.2d 665]; Blumberg v. M. & T. Incorporated (1949) 34 Cal.2d 226, 229 [209 P.2d 1], and cases there cited.) ‘Unless it can be said as a matter of law, that ... no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.’ (Estate of Lances (1932) 216 Cal. 397, 400 [14 P.2d 768].) In other words, while in most appeals it is the duty of the reviewing court to indulge every reasonable intendment in favor of sustaining the trial court, substantially the reverse is true when the appeal is from an order of nonsuit. In the latter case the appellate court must view the evidence as though judgment had gone in favor of the appellant, and order a reversal if such a judgment can be sustained.” (Id., at p. 656.)
On appeal, the Fullers urge that the evidence presented warranted the application of the doctrine of res ipsa loquitur and that the nonsuit was, therefore, improperly granted.
When applicable, the doctrine of res ipsa loquitur creates a presumption that the injury to the plaintiff was more probably than not the result of negligence on the part of the defendant, thus shifting the burden to the defendant to prove the absence of negligence on his part. (See Ybarra v. Spangard (1944) 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258].) Before the doctrine may be invoked, three conditions must be satisfied: (1) that the accident was of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) that it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) that it must not have been due to any voluntary action or contribution on the part of the plaintiff. (Ybarra v. Spangard, supra, at p. 489.) We find that the first two conditions were not met in the instant case.
In determining whether an accident was of a kind which ordinarily does not occur in the absence of someone’s negligence, the courts *Supp. 6 have relied on both common knowledge and the testimony of expert witnesses, as well as the circumstances relating to the accident involved. (Roddiscraft, Inc. v. Skelton Logging Co. (1963) 212 Cal.App.2d 784, 796 [28 Cal.Rptr. 277].) Although plaintiff contends that common knowledge dictates that a six-month old tire, if properly constructed, will not blow out when used in the normal fashion, the weight of authority is contrary to this view.
While we know of no California decisions directly on point, a number of other courts have held the doctrine of res ipsa loquitur to be inapplicable to cases involving tire blowouts on facts analogous to those presented here. (See Edwards v. Sears, Roebuck and Co. (5th Cir. 1975) 512 F.2d 276, 287 (and cases cited therein).) Thus, it has been held that the mere fact that an automobile left the road and crashed does not, standing alone, create an inference that the manufacturer of a tire which blew either before or after the accident was negligent. (Handy v. Uniroyal, Inc. (D.Del. 1971) 327 F.Supp. 596, 602-603.) This is especially true where, as here, the blowout occurred after possession and some significant use by plaintiffs. (Goodyear Tire and Rubber v. Hughes Supply, Inc. (Fla. 1978) 358 So.2d 1339, 1342.) In this respect, the case relied on by plaintiffs, in which a brand new tire exploded while being mounted on a wheel for which it was designed, is readily distinguishable from the facts presented herein. (See Baker v. B.F. Goodrich Co. (1953) 115 Cal.App.2d 221 [252 P.2d 24].)
We also find the second requirement, that the accident be caused by an agency or instrumentality within the exclusive control of defendant, to be absent. “Exclusive control,” in this context, means control at the time of the negligent act or omission which caused the accident, rather than actual control at the time of the accident. (Hansen v. Matich Corp. (1965) 234 Cal.App.2d 129, 133 [44 Cal.Rptr. 149].) In order to satisfy this condition, plaintiff must not only prove that the condition of the instrumentality had not been changed after it left the defendant’s possession (Baker v. B. F. Goodrich Co., supra, 115 Cal. App.2d at p. 227) but must, by definition, show that a negligent act or omission occurred in the first place. Since the accident involved here, as discussed supra, was not one which ordinarily does not occur in the absence of someone’s negligence, and the plaintiffs did not present any testimony, expert or otherwise, to show that the tire in question was in fact defective, it cannot be said that the accident was caused by an agency or instrumentality in defendant’s control.
*Supp. 7 Thus, where it is equally probable that the accident was caused by some fault for which defendant was not liable and where it cannot be said that it is more likely than not that the accident was caused by defendant’s negligence, res ipsa loquitur is not applicable. (Zentz v. Coca Cola Bottling Co. (1952) 39 Cal.2d 436, 443 [247 P.2d 344]; Roddis-craft, supra, 212 Cal.App.2d at p. 798.) Further, where there is no question of fact as to the conditions that make res ipsa loquitur applicable, the court is justified in taking the issue of its applicability from the jury, as the trial court did in this case. (Hansen v. Matich Corp., supra, 234 Cal.App.2d at p. 135.) We hold, therefore, that the trial court did not err in granting defendants’ motion for nonsuit.
The judgment is affirmed.
Bernstein, P. J., and Foster, J., concurred.
*Supp. 8 I

The only other witness was Mr. Fuller who, due to the fact that he had suffered a stroke sometime before the accident, was unable to speak and merely nodded in response to brief questioning verifying Mrs. Fuller’s description of the accident. He is now deceased.