Alva WILSON, Appellant,

v.

CAPITAL AIRLINES, Appellee.

No. 7297.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 21, 1956.

Decided Jan. 7, 1957.

See also, 19 F.R.D. 263.

J. Kenyon Wilson, Jr., and John H. Hall, Elizabeth City, N. C. (Wilson & Wilson, Elizabeth City, N. C., on brief), for appellant.

J. C. Goodwin and J. Henry LeRoy, Elizabeth City, N. C., for appellee.

Before SOPER and SOBELOFF, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

The question presented by this appeal is whether the district judge erred in directing a verdict for defendant on the ground that there was no evidence legally sufficient to prove any negligence on its part which caused any injury to plaintiff.

In May, 1955, plaintiff was 62 years old and weighed 187 pounds. For three years she had suffered from a benign giant cell tumor in the bones around the left hip joint, for which she had received medical and surgical attention, including treatment at Memorial Hospital in New York. The bone had been greatly weakened, and was susceptible to pathological fracture. She had been advised against bearing any weight on her left leg, and had been using two crutches for several months. On May 12, 1955, she was driven in an automobile from Shreveport, La., to Memphis, Tenn., where she boarded defendant's plane, bound for Elizabeth City, N. C., the home of her daughter, who was going to take her to New York for further treatment at Memorial Hospital.

When the plane stopped at Knoxville, Tenn., plaintiff asked the steward to assist her to the plane's lavatory. This was a small compartment, about 34 inches wide, 30 inches deep, and 6 feet 1 inch high. The doorway was quite narrow. A model of the room, produced by the defendant, had a wash basin on the left wall as one enters the door, a toilet on the right-hand side, a metal tissue container on the front wall immediately to the right of the doorway, and a handhold above the tissue container. Plaintiff testified that there was no wash basin in the room, that the toilet was in the left rear corner, that the tissue container was in the middle of the right wall opposite the toilet, and that she saw no handhold. When the plane is standing on the ground, the floor of the aisle and of the lavatory tilts slightly toward the rear.

Plaintiff testified that when she had gotten inside the door of the lavatory, she handed the steward her right crutch, keeping the left under her arm, and placed her right hand on the tissue container, resting her weight on it to help her turn around counter-clockwise; that the tissue container came open, or in plaintiff's words, "went down"; that she "fell on that commode and that leg" (left leg); that she immediately felt a very severe pain; that she called the steward, who came in a very short time; and that she had never closed the door of the lavatory. The steward and a male passenger testified that they assisted plaintiff down the aisle and into the lavatory, helped her turn around, took the right crutch first and then the left, and closed the door, leaving her "situated to use the lavatory", facing the door, which she locked; that when they heard her unlock the door, they opened it, gave her the crutches and helped her return to her seat. The steward testified that plaintiff rested her hand on the tissue container while they were turning her around, that it "came open" and he closed it; but both the steward and the passenger denied that plaintiff fell or that she complained of having hurt herself. For the purposes of this appeal, of course, we must accept plaintiff's testimony, so long as it is not self-contradictory or incredible.

Plaintiff did not ask to be taken off the plane, but while still on the ground at Knoxville, according to her testimony, and while in the air from Knoxville to Asheville, according to the steward, asked that a doctor be summoned at the next stop to give her something to relieve her pain. She had taken some pills she had in her bag on several occasions between Memphis and Knoxville. At Asheville the steward made arrangements to have a doctor come aboard at Winston-Salem, and later, at plaintiff's request, arranged to have an ambulance meet her at Elizabeth City.

The doctor at Winston-Salem testified that the plaintiff gave him no history of any fall or accident, but told him about her tumor, and said that she was having considerable pain. He gave her some demerol, and left two nembutal capsules to be taken if needed.

At Elizabeth City it was found that plaintiff had a small pathological fracture in the area of the hip affected by the tumor, which could have been caused by the fall which she described, by placing any substantial weight on her left leg, or by any shift of gait.

Plaintiff contends that defendant was negligent in failing to furnish a steadying device or grasping device to a passenger using the plane's rest room, and in placing an unsafe and unfit appliance, the tissue container, at a position in the rest room where a passenger would normally use such appliance as a brace or grasp in the absence of any other fixtures.

■■ Defendant was a common carrier, and was bound to exercise the highest degree of care and foresight for its passengers' safety; this duty applied to the lavatory as well as the other parts of the plane. McBroom v. S. E. Greyhound Lines, 29 Tenn.App. 13, 193 S.W.2d 92; Hauser v. Chicago, R. I. & P. R. Co., 205 Iowa 940, 219 N.W. 60, 58 A.L.R. 687. But a carrier is not an insurer, and the mere fact of the injury is not sufficient to raise a presumption

of negligence on the part of the carrier, Illinois Cent. Railroad Co. v. Kuhn, 107 Tenn. 106, 64 S.W. 202, 204; Knoxville Cab Co. v. Miller, 176 Tenn. 88, 138 S.W.2d 428; McBroom v. S. E. Greyhound Lines, supra. A carrier is under no duty to foresee and provide against casualties of such a character as not to be reasonably foreseen. 10 Am.Jur. 173, 206; Hauser v. Chicago, R. I. & P. R. Co., supra; Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243. "One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended." Palsgraf v. Long Island R. Co., 248 N.Y. 339, 345, 162 N.E. 99, 101, 59 A.L.R. 1253.

■■ It is not clear from plaintiff's own evidence that there was no handhold on the wall by the door, which she says was behind her when she started to turn around. Defendant's answers to plaintiff's interrogatories, offered in evidence by plaintiff, state that the handhold was there. But if we assume there was no handhold, its absence would not entitle plaintiff to recover in this case. According to her testimony, she did not ask the steward to help her turn around; she merely asked him to hold one crutch; and she was injured because she voluntarily rested her weight on a fragile tissue container, of a type with which she admitted she was familiar, and which she said was on the wall opposite the seat. Defendant was under no duty to dispose handholds around such a cramped space, nor to anticipate that in the absence of a handhold a passenger would rest her weight on the tissue container, which was obviously not provided for that purpose.

■ Nor do we find any evidence legally sufficient to support plaintiff's

contention that defendant was negligent in not arranging to have a doctor meet the plane at Asheville or Charlotte, rather than at Winston-Salem.

Affirmed.