**Emily HALEY, Plaintiff,**

v.

**UNITED AIRLINES, INC., et al., Defendants.**

**Civ. A. No. HAR 88–2136.**

United States District Court, D. Maryland.

Sept. 22, 1989.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Currently pending before this Court is Defendant United Airlines, Inc.'s ("United") Motion for Summary Judgment. The issues have been fully briefed. No hearing is deemed necessary. Local Rule 105.6 (D.Md.1989).

### FACTS

Plaintiff Emily Haley ("Haley") is suing defendant United, Ronald A. Weems ("Weems"), and the Sheet Metal Workers International Association ("Union")[1] for negligence. The undisputed facts are as follows:

On March 30, 1987, Haley and Weems, who is employed by the Union, were passengers on United flight number 899 ("899") which traveled from Chicago, Illinois to Kansas City, Missouri. As flight 899 approached Kansas City, the flight attendants checked the cabin to ensure that any articles carried by passengers were properly stored and that the overhead compartments were closed and properly latched. After the flight landed in Kansas City, it was announced over the aircraft's public address system that all passengers should remain seated with their seat belts fastened until the aircraft had come to a complete stop at its assigned gate and the captain had turned off the "fasten seat belt" sign. Despite this warning, the passenger seated in the aisle seat immediately behind Haley, allegedly Weems, rose while the aircraft was still taxiing and opened the overhead compartment which was located above Haley's seat. A briefcase fell from the overhead compartment and hit Haley on the head, causing her to black out. The passenger who caused the accident picked up the briefcase and disembarked.

Haley charges United with four acts of negligence: 1) that United "breached its duty ... to provide a reasonably safe seat within which to travel, by negligently allowing and/or directing ... [a passenger] to store a heavy briefcase in the overhead compartment"; 2) that United "fail[ed] to design and use a storage compartment from which items could be safely removed without endangering the safety and injuring the health of passengers, or provide employees to load and unload dangerous and heavy cargo"; 3) that United "require[d] and allow[ed] passengers to store heavy objects directly over the heads of passengers and [did not provide] employees to load and unload these items in a safe and careful manner"; and 4) that these acts caused Haley to suffer grievous bodily injury causing bodily pain and mental anguish. Second Amended Complaint at 3–4.

### LAW

Summary judgment shall be granted whenever "the pleadings, depositions, answers to interrogatories and admissions on

---

**1.** Weems and the Union were dismissed from this action pursuant to an unopposed motion to dismiss. *See* this Court's Order of September 19, 1989.

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial, ... Rule 56(c) mandates the entry of summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The applicable law must be determined before an analysis of plaintiff's case can be made. Maryland's choice of law rules would normally apply Missouri law because Missouri was the situs of the incident. However, both Maryland and Missouri follow the same common law. Thus, the law of both jurisdictions may be cited.

██ A carrier is a common carrier "if it holds itself out to the public as willing to carry all passengers for hire indiscriminately ... either by advertising or by actually engaging in the business of carriage for hire." *Arrow Aviation, Inc. v. Moore,* 266 F.2d 488, 490 (8th Cir.1959) (citations omitted). There can be no question that United is a common carrier. As a common carrier, United was responsible for exercising the highest degree of care towards its passengers. *See Arrow Aviation, Inc.,* 266 F.2d at 491; *Wilson v. Capital Airlines,* 240 F.2d 492, 494 (4th Cir.1957). *See also Ortiz v. Greyhound Corp.,* 275 F.2d 770, 773 (4th Cir.1960). But, as the court pointed out in *Arrow Aviation,* "[a] common carrier by air is not an insurer of the safety of its passengers. Liability is based upon negligence. A common carrier by air must exercise the highest degree of care consistent with the practical operation of its plane for the safety of the passengers." *Arrow Aviation, Inc.,* 266 F.2d at 491 (citations omitted). As this Court has stated, "a common carrier is not liable for personal injuries suffered by a passenger where they result solely from an accident without any fault on the part of the carrier." *Maryland, Use of Gleidman v. Capital Airlines, Inc.,* 267 F.Supp. 298, 305 (D.Md.

1967) (citations omitted). *See also, Wilson,* 240 F.2d at 494 ("But a carrier is not an insurer, and the mere fact of the injury is not sufficient to raise a presumption of negligence on the part of the carrier." (citations omitted)).

██ In the case at bar, there is no evidence of negligence on the part of United. Ms. Haley admits that the flight was routine in all respects. (Haley Depo. at 22). Once on the ground, United employees made all of the standard safety announcements warning passengers to remain seated until the plane had arrived at the gate. (Hullsiek Dec. at 1–2). When the individual who dropped the briefcase on Ms. Haley rose from his seat, a flight attendant immediately attempted to intercept the passenger. (Schuck Depo. at 4; Hullsiek Dec. at 2).

Not only wasn't United negligent prior to the incident, but after the incident occurred, Haley received significant assistance from United personnel. The flight attendants immediately administered first aid and called for a medic. (Haley Depo. at 27–28, 30; Hullsiek Dec. at 2; Schuck Depo. at 5). A United employee took Ms. Haley to the hospital, waited for her, took her to her hotel, called her that evening to check on her well-being, arranged for her to fly back to Chicago the next day and drove her to the airport. (Haley Depo. at 30, 35, 37; Edgerson Depo. at 14–15). In fact, Ms. Haley testified that she was treated "very well" by United (Haley Depo. at 37).

In her deposition, Ms. Haley explained that she thought United was negligent solely because an individual was allowed to store a briefcase in the overhead storage bin. (Haley Depo. at 62). Yet, Haley knew that articles were stored in the overhead storage bins. She testified that she had watched people store their belongings in the overhead bins before the flight left Chicago and that she had stored articles in the bin herself on prior flights. (Haley Depo. at 19, 64, 65). Thus, Haley was on notice of the articles stored in the overhead bins.

Based upon these facts, Haley is unable to prove any negligence on the part of defendant United Airlines. A careful review of the pleadings and depositions filed in this case also failed to disclose any evidence whatsoever of negligence on the part of United. To the contrary, the evidence disclosed that the negligence, if any, was clearly on the part of an unidentified passenger. *See Talbott v. Chicago & North Western Railway Co.*, 243 F.2d 322, 324 (8th Cir.1957). Without a showing that United was negligent, United cannot be held liable. *See State of Maryland*, 267 F.Supp. at 305.

Haley also alleges that the overhead storage bins on the United flight were defectively designed. However, plaintiff fails to make any showing whatsoever of a design defect. In any event, United did not design the overhead storage bins; the bins were designed by the Boeing Company in conformity with the Federal Aviation Administration (FAA) regulations.

Haley has completely failed through pleadings, depositions, answers to interrogatories, admissions on file, or through affidavits, to make a showing to establish the existence of elements essential to her case. Thus, in accordance with the Supreme Court's ruling in *Celotex*, defendant United's Motion for Summary Judgment will be granted.