927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Emily HALEY, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC.; Ronald R. Weems; Sheet Metal
Workers International Association, Defendants-Appellees.
Emily HALEY, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC.; Ronald R. Weems; Sheet Metal
Workers International Association, Defendants-Appellees.
 Nos. 89-3350, 89-3373.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1990.
Decided March 6, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-2136-HAR)
 Frederic Willard Schwartz, Jr., Cadeaux & Taglieri, P.C., Washington, D.C., argued for appellant; James W. Taglieri, Cadeaux & Taglieri, P.C., Washington, D.C.; Stephen A. Friedman, Joseph, Greenwald & Laake, P.A., Greenbelt, Md., on brief.
 John Louis Longstreth, Preston, Gates, Ellis, & Rouvelas Meeds, Washington, D.C.; C. Macnair Speed, Lord & Whip, P.A., Baltimore, Md., argued, for appellees; William Gray Schaffer, Preston, Gates, Ellis, & Rouvelas Meeds, Washington, D.C.; Michael S. DeBaugh, Lord & Whip, P.A., Baltimore, Md., on brief.
 D.Md., 728 F.Supp. 374
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, Circuit Judge, McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Emily Haley was injured while a passenger aboard a United Airlines (United) flight by an object (which may have been a briefcase or suitcase) falling from an overhead storage compartment. She brought suit against United, Ronald R. Weems and the Sheet Metal Workers International Association (Union).[1] The district court granted the defendants' motions for summary judgment on all claims. We affirm the district court as to United but reverse the district court as to Weems and the Union and remand for further proceedings.
 
 
 2
 On March 20, 1987, Emily Haley was a passenger on a United flight from Chicago to Kansas City. She sat in an aisle seat, directly below an overhead storage compartment. Before leaving Chicago, the flight attendants checked the overhead storage bins to assure that they were securely latched. The flight was uncrowded and routine in all respects until it landed at Kansas City. As the flight landed in Kansas City, the passengers were instructed over the aircraft's public address system to remain seated with their seat belts fastened until the aircraft had come to a complete stop at its assigned gate and the captain had turned off the "fasten seat belt" sign. Despite the warning and while the plane was still taxiing,[2] Miss Haley noticed a man get up in a seat behind her. She turned to her right toward the aisle and saw the man reaching into an overhead storage bin. As she looked up, she saw a large object falling from the bin. The object struck her across her eye and nose knocking her unconscious. The next event which Miss Haley remembers is a United attendant standing over her wiping blood off of her, and administering an ice pack.
 
 
 3
 Craig Hullsiek, a United flight attendant, also witnessed some of the events surrounding the accident. Hullsiek observed a stocky man stand up, in the same area as Miss Haley, while the plane was still moving and the "fasten seat belt" light was still on. Hullsiek reached to unbuckle his seat belt so that he could intercept the man and tell him to sit down. While Hullsiek was reaching down, the object fell on Miss Haley. Almost immediately, a passenger activated the call button on a seat opposite to Miss Haley. When Hullsiek got out of his seat, only one passenger was standing. Hullsiek immediately went to attend to Miss Haley's injuries as did another flight attendant, Ming Schuck.
 
 
 4
 United determined that the person sitting behind Miss Haley was Ronald R. Weems. He was the only person sitting in that row on that side of the aircraft.
 
 
 5
 Initially, when Weems was talked to by Miss Haley's attorney, Weems said that he did not remember the accident. Later he remembered, and his version of the incident follows. Weems remembers being among the first to stand up and stated that he saw no one get up before he did. He retrieved an object from the overhead storage bin across the aisle from Miss Haley. After he retrieved the object, he noticed a man who stood in front of Miss Haley reach into the storage bin over Miss Haley's head causing the object to fall on Miss Haley. According to Weems, at the time of the accident almost everyone on the plane was standing, including Miss Haley. Weems further testified that Miss Haley did not seem hurt, except for holding her head, and that, in fact, she walked off the plane without being assisted by an attendant.[3]
 
 
 6
 Miss Haley sued United, Weems and his employer, the Union. The defendants moved for summary judgment. The district court granted the defendants' motions and Miss Haley appeals.
 
 
 7
 We first address Miss Haley's claims against Weems and the Union. It is axiomatic that
 
 
 8
 summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." ... It is not appropriate "even where there is no dispute as to the evidentiary facts but only as to the conclusions to be drawn therefrom." ... The burden is on the moving party to "show" that there "is no genuine issue as to any material fact" and that he "is entitled to judgment as a matter of law." ... In determining whether this showing has been made, we must assess the evidence as forecast in the documentary materials before the district court in the light most favorable to the party opposing the motion.
 
 
 9
 Charbonnages De France v. Smith, 597 F.2d 406, 414 (4th Cir.1979) (citations deleted). We believe that Weems has failed to show that he is entitled to judgment as a matter of law. Accordingly, we believe the district court erred when it granted the motions of Weems and the Union for summary judgment. Miss Haley's testimony that the object which hit her, which came from an overhead storage bin, was accompanied by the movement of a man behind her, and the fact that Weems was the only person in the row behind Miss Haley on that side of the aircraft is enough evidence so that it was error to find that Weems had sustained his burden of proof as the moving party under Fed.R.Civ.P. 56(c). Adickes v. Kress & Co. 398 U.S. 144, 159 (1970).
 
 
 10
 We next address Miss Haley's claims against United. She argues that the district court erred in granting summary judgment for United for two reasons. She first argues that United failed to warn Miss Haley as to the potential dangers of being hit by objects stored in the overhead bins. We need not address whether or not United should have given that particular warning in this case, however, because Miss Haley already knew of the potential dangers involved. As the district court noted, Miss Haley's own testimony established that she "knew that articles were stored in the overhead storage bins. She testified that she had watched people store their belongings in the overhead bins before the flight left Chicago and that she had stored articles in the bin herself on prior flights." She further testified that she had seen attendants stop passengers from overfilling bins; she had heard of instances in which the bins popped open; she knew items could fall out; she knew heavy items were stored in the bins; and that passengers sitting in aisle seats are "going to bear the brunt of whatever comes down." Given Miss Haley's appreciation and awareness of the potential danger, we do not believe that United's failure to give a warning of the danger could have caused Miss Haley's injury.
 
 
 11
 Miss Haley's final argument is that she has a valid claim against United for a claimed failure to investigate the accident. In particular, she claims that United was negligent "by failing to obtain the names and addresses of witnesses whom United agents spoke with regarding Ms. Haley's accident." The accident occurred in Missouri and no Missouri authority is cited in support of this proposition. The case was filed and heard in the district court in Maryland, and neither is Maryland authority cited. The district court has pointed out that Missouri law would apply but that its law and Maryland's would be the same. Section 314A(1) of the Restatement of the Law of Torts 2nd states that "[a] common carrier is under a duty to its passengers to take reasonable action (a) to protect them against unreasonable risk of physical harm, and (b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others." Nothing is shown in the record that United has violated that duty of care set forth in the Restatement and, in that circumstance, and in the absence of Missouri or Maryland authority, we decline to decide that Missouri or Maryland, as the case may be, would obligate a common carrier to take the names and addresses of all witnesses it interviewed with respect to an accident under pain of being found guilty of negligence to the same end and effect as if it had caused the accident.
 
 
 12
 Accordingly, the judgment of the district court as to United is affirmed, but the judgment of the district court granting summary judgment to Weems and the Union is vacated and that part of the case is remanded for further proceedings.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Weems is the man who Miss Haley believes caused her injury and the Union is his employer. The Union is in the case only because it is Weems' employer
 
 
 [2]
 There is a conflict in the evidence as to whether the plane was still taxiing. Miss Haley and Craig Hullsiek, a United flight attendant, both testified that the plane was still moving. Ronald Weems testified that it was not. Much evidence is in conflict. Our opinion essentially repeats the critical testimony of the three eye witnesses
 
 
 [3]
 Weems' recollection of the events is quite different from that of either Miss Haley or the flight attendants. Some of the differences include whether the plane was moving; whether the man who was involved in the incident stood in front of or behind Miss Haley; how many passengers were standing at the time of the accident; the extent and nature of Miss Haley's injuries; and whether or not Miss Haley received help from the United attendants