**MAANAIMA LANG, Individually and as Administrator of the Estate of SILIAGA LANG, and as Guardian for NELLY LANG, a Minor, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT and HAWAIIAN AIRLINES, INC., Defendants**

High Court of American Samoa
Trial Division

CA No. 13-91

June 9, 1993

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
    For Defendant American Samoa Government,
        Richard D. Lerner, Assistant Attorney General
    For Defendant Hawaiian Airlines, Robert A. Dennison III

Opinion and Order Granting Summary Judgment:

## I. Standard of Review

Summary judgment is only appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. Rule 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party. *D. Gokal & Co. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962); *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (1987)).

## II. Discussion

Individually and in his capacities as administrator of Siliaga Lang's estate and as guardian for Nelly Lang, Maanaima Lang (hereinafter plaintiff) has filed a civil suit against the American Samoa Government and Hawaiian Airlines, Inc. to recover money damages. Hawaiian Airlines (hereinafter defendant) has moved for summary judgment under T.C.R.C.P. Rule 56 as to the claims against it.

In the face of a motion for summary judgment supported by affidavits or other evidence, a plaintiff may not rest on his pleadings or the statements of an attorney lacking personal knowledge. However, plaintiff attempts to do just that; in fact, he never filed any evidentiary response to defendant's motion for summary judgment.

The available evidence supports defendant's motion. Although plaintiff's attorney alleges that defendant failed to provide an adequate oxygen supply to Mrs. Lang, he presents no supporting evidence. In fact, Mr. Lang stated that oxygen remained in the bottle. Lang Deposition, pp. 37-38, 53. Registered Nurse Louise Tokumura also

believed that the oxygen was still flowing. Tokumura Deposition, pp. 16-17.

In asserting plaintiff's claims, his attorney wants this court to hold defendant to a novel standard of care--the duty to "deliver" a passenger in "as good condition" as when he boarded. No such duty exists. Just because an airline passenger suffers illness or death does not mean that the airline is automatically liable. Despite the high standard of care demanded of airlines, "[a] common carrier by air is not an insurer of the safety of its passengers. Liability is based upon negligence." *Haley v. United Airlines, Inc.*, 728 F. Supp. 374, 376 (D. Md. 1989) (quoting *Arrow Aviation, Inc. v. Moore*, 266 F.2d 488, 491 (8th Cir. 1959)) (granting summary judgment for defendant airline), *aff'd without opinion* 927 F.2d 595 (1991). The mere fact that an injury occurred is insufficient to raise a presumption of the carrier's negligence. *Id.* (citing *Wilson v. Capital Airlines*, 240 F.2d 492, 494 (4th Cir. 1957)); *cf. Air France v. Saks*, 470 U.S. 392, 404-06 (1985) (reversing court of appeals, which had reversed district court; the latter had granted summary judgment for defendant airline on the grounds that the mere occurrence of an injury did not constitute an "accident" under the Warsaw Convention, Art. 17); *Fischer v. Northwest Airlines, Inc.*, 623 F. Supp. 1064, 1065 (N.D. Ill. 1985) (heart attack and subsequent death resulted from "an internal disability and was not the result of an unusual or unexpected occurrence connected with the flight," so was not proximately caused by an "accident" under the Warsaw Convention, Art. 17).

Additionally, *res ipsa loquitur* does not apply to this case. The doctrine applies when the accident's nature is such that past experience has shown that it probably resulted from someone's negligence and that the defendant is probably responsible. *Brown v. Poway Unified School Dist.*, 284 Cal. Rptr. 854, 858 (Ct. App. 1991) (citing *Newing v. Cheatham*, 540 P.2d 33, 124 Cal. Rptr. 193 (1975); *Di Mare v. Cresci*, 373 P.2d 860, 23 Cal. Rptr. 772 (1962)). The doctrine of *res ipsa loquitur* applies to an accident only under the following conditions: (1) it ordinarily does not occur without someone's negligence, (2) it was caused by an agency or instrumentality within defendant's exclusive control, and (3) it was not due to a voluntary action by the plaintiff. *Id.* (citing *Ybarra v. Spangard*, 154 P.2d 687 (Cal. 1944)).

Mrs. Lang's death does not meet the criteria for applying the res ipsa loquitur doctrine. One, seriously ill persons often die in the absence of negligent conduct. Mrs. Lang was seriously ill even before she

61

boarded the plane; indeed, she was leaving American Samoa to be examined at the Tripler Army Medical Center in Honolulu, Hawaii. Two, the cause of Mrs. Lang's death was outside defendant's control, as it was merely transporting passengers aboard a regularly scheduled flight. Although defendant provided the oxygen bottles used on the flight, both Mr. Lang and the nurse from L.B.J. Hospital changed the oxygen bottles and were solely in control of the flow of oxygen. Lang Deposition, pp. 30-32. Three, plaintiff accompanied his wife and, among other things, controlled the oxygen flow. As such, it is not clear that his voluntary actions were not a cause of his wife's death.

## III. Conclusion

Plaintiff Maanaima Lang has not presented any affidavits or other evidence to contradict defendant airline's proof that its conduct was not responsible for Mrs. Lang's death. Furthermore, plaintiff cannot rely on a self-created duty to "deliver in the same condition." For the aforementioned reasons, defendant's motion for summary judgment is granted, and this action is dismissed with prejudice as to Hawaiian Airlines, Inc.

It is so ordered.